16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eva B. FOREST, Plaintiff-Appellant,
v.
BAPTIST HOME ASSOCIATION OF THE ROCKY MOUNTAINS, INC., a
Colorado nonprofit corporation, doing business as
Park Avenue Health Center, Defendant-Appellee.
 No. 93-1234.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 11, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Eva B. Forest appeals from the district court's grant of summary judgment to defendants on her claim that she was illegally discharged from her employment because of her age and her race, and in retaliation for certain protected activity. Because we agree with the district court that plaintiff has failed to put forth evidence tending to show that any illegal motive tainted her discharge, we affirm.
 
 
 4
 The material facts of this case were recited by the district court and will not be repeated here.[2] Because the district court granted summary judgment, our review is plenary, and we apply the same standard as that used by the district court. Merrick v. Northern Natural Gas Co., 911 F.2d 426, 429 (10th Cir.1990). Thus, we will affirm if we conclude that there is no issue of material fact and that defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c).
 
 
 5
 The Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), "established an allocation of the burden of production and an order for the presentation of proof in Title VII discriminatory-treatment cases." St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2746 (1993). Under the McDonnell Douglas procedure, a plaintiff must first establish a prima facie case of racial discrimination by a preponderance of the evidence. Id. at 2746-47. We will assume, as did the district court, that plaintiff successfully established such a case. The burden then shifts to the defendant to come forward with evidence of a nondiscriminatory reason for the plaintiff's treatment. Id. at 2747; EEOC v. Flasher Co., 986 F.2d 1312, 1317 (10th Cir.1992). After the defendant's burden of production is met, the plaintiff must then persuade the trier of fact that she was the victim of intentional discrimination. St. Mary's Honor Ctr., 113 S.Ct. at 2747-48; Flasher, 986 F.2d at 1320. Plaintiff's claim here fails because she has not advanced any evidence that an impermissibly discriminatory reason was a substantial or motivating factor in her dismissal.
 
 
 6
 Defendants have offered several legitimate, nondiscriminatory reasons for plaintiff's termination, including insubordination and general nonperformance of her duties. It was then plaintiff's task to offer evidence demonstrating that these reasons were not the reasons for her firing, and that race was. St. Mary's Honor Ctr., 113 S.Ct. at 2747. Plaintiff comes closest to making this showing by alleging that, in the course of her firing, her supervisor addressed her using a racial slur. While this allegation is denied by the supervisor and by a third party who was present, Rec. Doc. 42, tab 8 at 98-99, tab 9 at 48-49, tab 5 at 3, in response to a motion for summary judgment, we must presume plaintiff's allegation to be true.
 
 
 7
 We agree with the district court that such conduct is reprehensible. However, "the mere utterance of an ethnic or racial epithet is insufficient to carry the ultimate burden of proof [under Title VII]." Barber v. International Bhd. of Boilermakers, 778 F.2d 750, 761 (11th Cir.1985). The district court concluded that the evidence was not sufficient to carry plaintiff's burden because "it does not illustrate that Forest was performing her job adequately and therefore does not create an issue of fact whether the reasons cited by Park Avenue for her dismissal were pretextual." Memorandum Opinion and Order at 8. The district court was less than precise in concluding that plaintiff was required to rebut the evidence produced by defendants regarding the legitimacy of her dismissal. Plaintiff did not necessarily have to disprove defendants' evidence of her poor performance; she could also prevail by showing that race was the determinative factor in her dismissal. See MacDonald v. Eastern Wyo. Mental Health Ctr., 941 F.2d 1115, 1119 (10th Cir.1991)(plaintiff must have opportunity "to establish that the defendant's proffered reasons were pretextual and/or that [race] was the determining factor"). She did neither.
 
 
 8
 While evidence of the utterance of a racial epithet may be probative of racial discrimination, cf. Figures v. Board of Public Utils., 967 F.2d 357, 360-61 (10th Cir.1992)(ethnic slurs not probative unless linked to "personnel action of hiring, firing and promoting"), it is insufficient, by itself, to satisfy plaintiff's burden of raising a genuine issue that race was the true reason for the employment decision. See St. Mary's Honor Ctr., 113 S.Ct. at 2747.[3]
 
 
 9
 Plaintiff's claim under the Age Discrimination in Employment Act fails for the same reason. Plaintiff had to raise a genuine issue that age was a determining factor in her discharge. Lucas v. Dover Corp., 857 F.2d 1397, 1400 (10th Cir.1988). Far from showing age to be determinative, plaintiff has failed to show that age had anything at all to do with her firing. Plaintiff's "mere conjecture that [her] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment." Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir.1988).
 
 
 10
 Finally, plaintiff alleges that she was terminated because she expressed her displeasure at the transfer of an elderly black man from the facility where his wife continued to reside. There is no evidence, however, that this incident had any bearing on her ultimate termination other than to arouse concerns from plaintiff's supervisor about her general professionalism. Those concerns had nothing to do with plaintiff's race nor with any alleged "protected activity."
 
 
 11
 In summary, plaintiff has failed to come forth with specific facts showing that there are genuine issues for trial as to the elements essential to her claims. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The grant of summary judgment to defendants, therefore, was appropriate.
 
 
 12
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.[4] The mandate shall issue forthwith.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff alleges additional facts in her appellate brief that were not presented to the district court, see Attachment to Appellant's Opening Brief, 1-2, and as such will not be considered on appeal. Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir.1992)
 
 
 [3]
 We note that the supervisor who allegedly uttered the offensive remark was the same person who had previously hired plaintiff and promoted her. See Rec. Doc. 42, Tab 1 at 1
 
 
 [4]
 Defendants' request for costs and attorney's fees on appeal is DENIED. Plaintiff's motion to correct her opening brief is GRANTED; her motion to supplement the record is DENIED