19 F.3d 33
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Juanita JAMES, Plaintiff-Appellant,
v.
St. Anthony Hospital, Defendant-Appellee.
 No. 93-6255.
 United States Court of Appeals, Tenth Circuit.
 March 8, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Juanita James appeals from the district court's grant of summary judgment to defendant on her claim that she was the victim of age and race discrimination. Because we agree with the district court that plaintiff has failed to put forth any evidence of purposeful age and/or race discrimination, we affirm.
 
 
 4
 We will not repeat the facts of this case in detail. Briefly, plaintiff is a nurse who has been employed by defendant St. Anthony Hospital since 1962. Since 1990, plaintiff has been disciplined or reprimanded by her superiors on three occasions for various professional errors. After each of these incidents, plaintiff has transferred to another department in the hospital. In July 1992, plaintiff filed this action in the United States District Court for the Western District of Oklahoma specifically alleging that she was forced to resign her position as the Director of Nursing Education because of race and age discrimination.
 
 
 5
 We review the grant of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the record in the light most favorable to the party opposing the motion. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 6
 The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the nonmoving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to elements essential to the nonmoving party's case. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations in the pleadings. Celotex, 477 U.S. at 324.
 
 
 7
 Plaintiff asserts that her claims are cognizable under 42U.S.C.1981. In order for this to be so, plaintiff's claims must be covered by the Civil Rights Act of 1991, amending 42U.S.C.1981, see Pub.L. No. 102-166, Title I, 101, 105 Stat. 1071 1991(Act), since case law prior to that Act had held that 1981 would not apply to plaintiff's case. See Patterson v. McLean Credit Union, 491 U.S. 164 (1989). Plaintiff filed her initial complaint with the EEOC in October 1991; the Act became effective on November 21, 1991. Thus, this case could ostensibly require us to decide the question of the Act's retroactivity. In Landgraf v. USI Film Prods., 968 F.2d 427 (5th Cir.1992), cert. granted, 113 S.Ct. 1250 (1993), the Supreme Court will decide whether the Act applies to Title VII and 1981 cases pending at the time the Act became effective. Because we determine that the outcome of this case is the same irrespective of the applicability of the Act, we decline to address the statute's retroactivity.
 
 
 8
 In order to prevail under either 1981, Title VII, or the ADEA, plaintiff needs to show that she has been the victim of intentional discrimination. St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2747-48 (1993)(Title VII); General Building Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982)(1981); Cone v. Longmont United Hosp. Ass'n, No. 92-1349, 1994 WL 12762 at * 7 (10th Cir. Jan. 20, 1994)(ADEA). Our review of the record confirms the opinion of the district court that plaintiff has utterly failed to produce any evidence to support her allegations that she was treated as she was because she is black and/or because she is over forty.
 
 
 9
 Plaintiff's personal opinions or mere conjecture that she has been subjected to discrimination are insufficient to withstand a properly supported motion for summary judgment. See Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir.1988). The fact that other employees at St. Anthony were treated differently than plaintiff is not evidence of illegal discrimination. EEOC v. Flasher Co., 986 F.2d 1312, 1321 (10th Cir.1992).
 
 
 10
 Merely finding that people have been treated differently stops short of the crucial question: why people have been treated differently. While comparing specific disciplinary actions can give rise to an inference of illegal discrimination, it need not do so. Proffered reasons may be a pretext for a host of motives, both proper and improper, that do not give rise to liability....
 
 
 11
 Id. While unfortunate things have happened to plaintiff, which may or may not have been her fault, there is absolutely no evidence that the actions taken by her employer were based in any way on the illegitimate considerations of race or age. We affirm on this issue for substantially the reasons stated by the district court.
 
 
 12
 Plaintiff finally argues that St. Mary's Honor Ctr., 113 S.Ct. 2742, forecloses the possibility of summary judgment in discrimination cases. Plaintiff misreads St. Mary's. In that case, the Supreme Court held that even when a defendant's proffered reasons for an adverse personnel action are incredible, the burden still remains with the plaintiff to prove racial discrimination. St. Mary's Honor Ctr., 113 S.Ct. at 2747-49. After the defendant in a discrimination case carries his or her burden of production, the plaintiff has the opportunity to show " 'that the proffered reason was not the true reason for the employment decision' a nd that race was." Id. at 2747 (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981)). In St. Mary's, the Court reviewed the results of a trial to the court; the case does nothing to alter the traditional standards governing motions for summary judgment. A plaintiff in a discrimination case must prove intentional discrimination. Id. at 2747-48. It is an essential element of the case. If a plaintiff in response to a motion for summary judgment cannot come forward with specific facts showing that there is a genuine issue for trial as to the essential element of intentional discrimination, summary judgment must be granted for the defendant. Plaintiff here has failed to make this showing.
 
 
 13
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470