**Louis C. BROWN, Jr., Plaintiff,**

v.

**Togo D. WEST, Jr.[1], Secretary of the Army, Defendant.**

**No. 93–4158–SAC.**

United States District Court, D. Kansas.

May 2, 1994.

---

1. At the time the plaintiff filed his complaint, John W. Shannon was the Acting Secretary of the Army. Subsequently, on November 22, 1993, Togo D. West was sworn in as Secretary of the Army. West's name is therefore substituted for Shannon's name pursuant to Fed.R.Civ.P. 25(d)(1).

Denise L. Adams, Rosie M. Quinn & Associates, Kansas City, KS, Larry Delano Coleman, Kansas City, MO, for plaintiff.

Melanie D. Caro, Office of U.S. Atty., Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

On July 15, 1993, Louis C. Brown, Jr., commenced this action against the defendant. In Brown's complaint, he alleges that he is a Black male. Brown alleges that he was employed as a civilian employee of the U.S. Department of the Army, GM-0343-13, "Supervisory Management Analyst." Brown alleges that although he was the best candidate for the vacant GM-0342-14 position of "Supervisory Management Analyst, Combined Arms Command, Manpower Requirements Criteria Division (MARC), Fort Leaven-

worth, Kansas," he was unlawfully denied the position due to racial discrimination. Specifically, Brown alleges that the position that he sought was filled by a white male named William D. Powers. The decision to select Powers rather than Brown was made by Colonel Larry Burnette.

Brown also alleges that he was otherwise victimized by Colonel Burnette prior to this specific instance. According to Brown's complaint, prior to Colonel Burnette's appointment, Brown had received "exceptional" ratings. Under Colonel Burnette's command, however, Brown received only "highly satisfactory" ratings. This lower rating equated into smaller performance awards.

Brown seeks to be instated in a position at the defendant agency at a GM–14 level, for which he is qualified, full back pay from July 1, 1988, compensatory damages, costs and attorney's fees plus interest.

This case comes before the court upon the defendant's motion for summary judgment. In his motion, the defendant concedes that Brown has established a *prima facie* case of race discrimination. The defendant argues, however, that he is nevertheless entitled to summary judgment because he can articulate legitimate, non-discriminatory reasons for not selecting Brown.[2] The defendant argues that because Brown cannot demonstrate that these reasons are a pretext for intentional discrimination, Brown cannot point to a genuine issue of material fact precluding summary judgment.

In regard to Brown's allegations concerning discriminatory ratings, the defendant argues that those claims found in paragraph 12 should be dismissed for failure to exhaust administrative remedies. The defendant contends that the sole issue accepted for

administrative investigation by the Army was Brown's non-selection for promotion; the allegation of discriminatory ratings was not accepted. The sole issued addressed by the U.S. Army Civilian Appellate Review Agency investigator was "whether plaintiff was discriminated against when he was not selected for the position of Supervisory Management Analyst, FM–343–14." Because Brown failed to exhaust his administrative remedies in pursuing these claims, the defendant argues that these claims should be dismissed.

In support of his motion for summary judgment, the defendant, as required by D.Kan. Rule 206, sets forth his statement of uncontroverted facts in numbered paragraphs. Each paragraph is keyed by specific reference to specific portions of documents attached to the defendant's memo.

Brown's response begins with a section titled "Concise Statement of Material Facts as to Which Plaintiff Contends a Genuine Issue Exists." In that section, Brown sets forth in separately numbered paragraphs those facts which he contends create a genuine issue of material fact precluding summary judgment. Each of these separately numbered paragraphs, however, appear to merely be reiterations of portions of Brown's unverified complaint. Each of these paragraphs is followed by a citation to certain portions of the plaintiff's complaint, the defendant's answer, the defendant's responses to interrogatories, and the defendant's statement of uncontroverted facts. Noticeably absent from the plaintiff's responsive brief are any affidavits, depositions or documents specifically supporting his allegations. Instead, the plaintiff simply relies upon the allegations appearing in his complaint.

---

**2.** Colonel Burnette's decision to select Powers rather than Brown was based, *inter alia*, upon his consideration of the recommendations of other personnel who preferred Powers, Colonel Burnette's own personal observation of both Powers' and Brown's performance and his conclusion that Powers' job performance was superior, Powers' knowledge of MARC requirements and process, Powers' exceptional demonstrated manage-

ment skills and techniques, and Powers' superior knowledge of organization documentation policies and procedures.

Based upon the uncontroverted facts, these reasons for choosing Powers rather than the plaintiff were legitimate and nondiscriminatory, and were directly relevant in determining which candidate was best suited for the Supervisory Management Analyst position.

Brown argues that because the defendant concedes that he has established a prima facie case, and although the defendant "has come forward with what it claims to be legitimate nondiscriminatory reasons for its actions," the only issue "that remains is a finding respecting plaintiff's ultimate burden of persuasion." Brown contends that this issue can only be resolved by the trier of fact at trial.

In a section of his brief entitled "LEGAL ANALYSIS," Brown further elaborates on his contention that, having established a prima facie case, he is essentially immune from summary judgment and automatically entitled to a trial. Brown argues that the Supreme Court has never "sanctioned" the disposition of a Title VII case by summary judgment, as all Supreme Court cases deciding issues in Title VII cases have followed trials. In short, Brown argues that lower court decisions disposing of Title VII cases by summary judgment are aberrant, erroneous decisions that no longer correctly state the law in light of the Supreme Court's decision in *St. Mary's Honor Center v. Hicks,* — U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). More fully, Brown argues:

> As to where, why, when and upon what rational basis the prevailing practice of granting summary judgment, in Title VII cases, originated in the lower federal courts during the latter years of the Reagan Repression, the defendant-employer, Louis Brown is certain, will supply this court with ample precedent. However, none of that precedent is from the Supreme Court in a Title VII case. None of it. This fact is absolutely irrefutable.

> Alas, just as beach erosion is caused by the incessant pounding of the waves thereon; just as the Mighty Mississippi, and the Ancient Nile carry away highland soil to form lowland deltas; so also, is the foundation of Title VII eaten away by the inces-

sant pounding of employer resistance to its admonitions, aided, of course, by tectonic movements in the political landscape. Now, (sic) is the time to restore the balance, contemplated by Congress, now cleverly and deceitfully asphyxiated a federal judiciary, which holding the small and fragile bird of Title VII, in its broad and strong hands would presume to ask the King, if the bird is dead or alive. The answer lies in its hands.

Plaintiff's responsive brief at 18–19.

Brown does not directly respond to the defendant's argument that his claims in paragraph 12 should be dismissed for failure to exhaust his administrative remedies.[3]

In his reply brief, West argues that Brown's response is inadequate to withstand summary judgment. The defendant first notes that the plaintiff has failed to comply with Fed.R.Civ.P. 56(e) in that the plaintiff's responsive brief relies solely upon the same conclusory allegations found in the plaintiff's complaint. Based upon the plaintiff's failure to provide any evidence contrary to the legitimate, nondiscriminatory reasons offered by the defendant, the defendant contends that he is entitled to summary judgment.

In response to the plaintiff's argument that summary judgment is inappropriate in a Title VII case once the plaintiff has demonstrated a prima facie case of discrimination, the defendant argues that the plaintiff's interpretation of the Supreme Court's holding in *St. Mary's* is overbroad and incorrect. The defendant argues that the Supreme Court's decision in *St. Mary's* "did not strike down the extensive history summary judgment case law, nor did [the Court] rule that summary judgment is inconsistent with a Title VII plaintiff's requirement to prove intentional discrimination." The defendant notes that since the Supreme Court's decision in *St. Mary's,* several courts have decided Title VII cases on motions for summary judgment.

---

**3.** Based upon the plaintiff's failure to respond to this argument, the court grants the portion of the defendant's motion which seeks summary judg-

ment on the claims presented in paragraph 12 as uncontested. The plaintiff's claims in paragraph 12 are dismissed for lack of jurisdiction.

The court, having considered the briefs of the parties and the applicable law, is now prepared to rule.

### Standards for Summary Judgment

A court grants a motion for summary judgment if a genuine issue of material fact does not exist and if the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The substantive law governing the suit dictates which facts are material or not. *Id.* at 248, 106 S.Ct. at 2510. "Only disputes over facts that might affect the outcome of the suit under the governing law will ... preclude summary judgment." *Id.* There are no genuine issues for trial if the record taken as a whole would not persuade a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "[T]here are cases where the evidence is so weak that the case does not raise a genuine issue of fact." *Burnette v. Dow Chemical Co.*, 849 F.2d 1269, 1273 (10th Cir.1988).

The movant's burden under Rule 56 of the Federal Rules of Civil Procedure is to lay out the basis of its motion and to "point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). "A movant is not required to provide evidence negating an opponent's claim." *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1521 (10th Cir.1992) (citation omitted).

If the moving party meets its burden, then it becomes the nonmoving party's burden to show the existence of a genuine issue of material fact. *Bacchus Industries, Inc. v. Arvin Industries, Inc.*, 939 F.2d 887, 891 (10th Cir.1991); *see Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410, 1414 (10th Cir.1993) ("If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial

as to elements essential to the non-moving party's case."). When the nonmoving party will have the burden of proof at trial, " 'Rule 56(e) ... [then] requires the nonmoving party to go beyond the pleadings and by her own affidavits' or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir.1992) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). "Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Phillips v. Calhoun*, 956 F.2d 949, 951 (10th Cir.1992) (citations omitted); *see Martin*, 3 F.3d at 1414 (non-moving party cannot rest on the mere allegations in the pleadings); *see also Vega v. Kodak Caribbean, Ltd.*, 3 F.3d 476, 479 (1st Cir.1993) ("Optimistic conjecture, unbridled speculation, or hopeful surmise will not suffice."). The court views the evidence of record and draws inferences from it in the light most favorable to the nonmoving party. *Burnette v. Dow Chemical Co.*, 849 F.2d at 1273.

More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R.Civ.P. 1." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). At the same time, a summary judgment motion is not the chance for a court to act as the jury and determine witness credibility, weigh the evidence, or decide upon competing inferences. *Windon Third Oil and Gas v. Federal Deposit Ins.*, 805 F.2d 342, 346 (10th Cir.1986), *cert. denied,* 480 U.S. 947, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987).

### The Legal Framework

In the absence of direct evidence of discrimination, a plaintiff in Title VII actions "must abide by the complicated formula first set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–805, 93 S.Ct. 1817, 1824–1825, 36 L.Ed.2d 668 (1973), for proving discrimination by indirect evidence." *Pilditch v. Board of Educ. of City of Chicago*, 3

F.3d 1113, 1116 (7th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 1065, 127 L.Ed.2d 385 (1994); *see Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1087 (5th Cir. 1994) (referring to the inferential proof process as the three-step McDonnell Douglas–Burdine "minuet."). The plaintiff in such a case must establish, by a preponderance of the evidence, a "prima facie"[4] case of racial discrimination. *St. Mary's,* — U.S. at —, 113 S.Ct. at 2746, 125 L.Ed.2d at 415. If the plaintiff is successful in establishing a prima facie case, the defendant is presumed to have discriminated against the plaintiff unless the defendant can articulate legitimate, non-discriminatory reasons for the employment decision. *Pilditch,* 3 F.3d at 1116. As the Supreme Court recently explained:

> Under the *McDonnell Douglas* scheme, "establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." [*Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207.] To establish a "presumption" is to say that a finding of the predicate fact (here, the prima facie case) produces "a required conclusion in the absence of explanation" (here, the finding of unlawful discrimination). 1 D. Louisell & C. Mueller, *Federal Evidence* § 67, p. 536 (1977). Thus, the *McDonnell Douglas* presumption places upon the defendant the burden of producing an explanation to rebut the prima facie case—i.e., the burden of "producing evidence" that the adverse employment actions were taken "for a legitimate, nondiscriminatory reason." *Burdine,* 450 U.S. at 254 [101 S.Ct. at 1094]. "The defendant must clearly set forth, through the introduction of admissible evidence," reasons for its actions which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action. *Id.,* at 254–255,

and n. 8 [101 S.Ct. at 1094, and n. 8]. It is important to note, however, that although the *McDonnell Douglas* presumption shifts the burden of production to the defendant, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff," *id.,* at 253, 101 S.Ct. at 1093.

*St. Mary's,* — U.S. at —, 113 S.Ct. at 2747, 125 L.Ed.2d at 416.

If the defendant fails at this juncture to meet his burden of production, "i.e., has failed to introduce evidence which, *taken as true,* would *permit* conclusion that there was a nondiscriminatory reason" for the employer's actions, the plaintiff is entitled to judgment as a matter of law. *St. Mary's,* — U.S. at —, 113 S.Ct. at 2748, 125 L.Ed.2d at 417–418. "If, on the other hand, the defendant has succeeded in carrying its burden of production, the *McDonnell Douglas* framework—with its presumptions and burdens—is no longer relevant." *Id.* — U.S. at —, 113 S.Ct. at 2749, 125 L.Ed.2d at 418. "The presumption, having fulfilled its role of forcing the defendant to come forward with some response, simply drops out of the picture." *Id.; see Pilditch,* 3 F.3d at 1116.

■ If the defendant has carried his burden of production, in order to prevail the plaintiff must demonstrate that the defendant's proffered explanation is pretextual *and* ultimately that he was the victim of intentional discrimination. *Pilditch,* 3 F.3d at 1116; *see St. Mary's,* — U.S. at —, 113 S.Ct. at 2748, 125 L.Ed.2d at 418; *E.E.O.C. v. Flasher Co. Inc.,* 986 F.2d 1312, 1320 (10th Cir.1992). Therefore, "showing pretext alone is not sufficient for the plaintiff to carry the day, although it may support an inference that the real reason for the employer's action is discriminatory." *Pilditch,* 3 F.3d at 1116 (citing *St. Mary's,* — U.S. at —, 113 S.Ct. at 2749).

---

4. In order to establish a prima facie case of discrimination, the plaintiff must demonstrate that (1) he belonged to a racial minority; (2) he applied for and was qualified for a job for which the defendant sought applicants; (3) despite his qualifications, he was denied promotion; and (4) another employee who was not a member of a protected group was promoted at the time the plaintiff's request was denied. *See Luna v. City & County of Denver,* 948 F.2d 1144, 1147 (10th Cir.1991).

As mentioned above, the defendant in the case at bar concedes that the plaintiff has presented a prima facie case of race discrimination.

## Analysis

As the defendant suggests, the plaintiff has presented essentially nothing other than his own conclusory allegations to rebut the legitimate, non-discriminatory reasons the defendant has articulated for choosing Powers rather than the plaintiff. As indicated above, the plaintiff may not rest upon the allegations found in his complaint. Necessarily, the plaintiff has presented no factual support for his contention that the reasons articulated by the defendant for choosing Powers for the position were pretextual, nor has the plaintiff demonstrated that he was the victim of intentional discrimination. The defendant, therefore, is entitled to summary judgment. *See Drake v. City of Fort Collins,* 927 F.2d 1156, 1161 (10th Cir.1991) (plaintiff's allegations do not constitute evidence of discriminatory intent and therefore do not raise factual questions about pretext).

■ The plaintiff's argument, that because he has presented a prima facie case of discrimination he is immune from summary judgment, is incorrect. Although the court is aware of at least one court adopting the interpretation of *St. Mary's* urged by Brown, *see Moisi v. College of the Sequoias Community College District,* 19 Ca.App.4th 564, 25 Cal.Rptr.2d 165 (1993) (interpreting the Supreme Court's decision in *St. Mary's* to generally preclude summary judgment in cases where the plaintiff has established a prima facie case and there are no legal defenses (such as failure to comply with statutory prerequisites or file within the applicable statute of limitations)), this court is not persuaded that the Supreme Court's decision in *St. Mary's* automatically precludes summary judgment under Fed.R.Civ.P. 56 in every instance that the plaintiff establishes a prima facie case of discrimination under the *McDonnell Douglas* burden-shifting method of proof. *See Bolton v. Scrivner, Inc.,* 836 F.Supp. 783, 790–792 (W.D.Okl.1993) (California court in *Moisi* misreads *St. Mary's* in light of well-established law regarding both employment discrimination and summary judgment procedures).

The plaintiff's interpretation of the Supreme Court's decision in *St. Mary's* is not compelled by a fair reading of the case. This conclusion is supported by the overwhelming majority of cases considering this issue. In contrast to the one case which apparently directly supports the plaintiff's position,[5] it appears that the vast majority of federal courts (if not all), including the Tenth Circuit Court of Appeals, have concluded that the well-established principles of summary judgment remain viable in Title VII cases following the Supreme Court's decision in *St. Mary's. See, e.g., Banks v. City of Independence, Missouri,* 21 F.3d 809 (8th Cir.1994); *James v. St. Anthony Hospital,* No. 93–6255, 1994 WL 75874, 1994 U.S.App. LEXIS 4149 (10th Cir. March 8, 1994) (affirming district court's order granting summary judgment);[6]

---

**5.** Brown does not direct the court's attention to any case specifically interpreting the Supreme Court's decision in *St. Mary's* to preclude summary judgment. The court discovered *Moisi* during its own independent research of this issue. Although the plaintiff cites *Tolefree v. City of Kansas City,* 980 F.2d 1171 (8th Cir.1993), as an example of a case "roundly condemn[ing]" the practice of granting summary judgment in Title VII cases, *Tolefree* does not stand for the proposition which the plaintiff claims.

Brown's counsel should be intimately familiar with the facts of *Tolefree* as he apparently represented Elvis Tolefree, the plaintiff in that case. *See* 980 F.2d at 1172. In *Tolefree,* the district court granted the defendant's motion for summary judgment based upon its conclusion that the plaintiff's claims were barred under the doctrine of collateral estoppel. The court of appeals reversed the district court, finding that the plaintiff was not barred by either collateral estoppel or res judicata. The Eighth Circuit's opinion in *Tolefree* is not in any way (contrary to the plaintiff's suggestion) a general condemnation of applying summary judgment principles in Title VII cases.

The court also notes that the Eighth Circuit has recently affirmed the district court's order granting summary judgment in a Title VII case where the plaintiff "failed to establish the existence of a genuine issue of material fact with respect to any discriminatory intent on the part of the [defendant]." *Banks v. City of Independence, Missouri,* 21 F.3d 809, 811 (8th Cir.1994).

**6.** In *James,* the Tenth Circuit specifically rejected the argument advanced by Brown:

Plaintiff finally argues that *St. Mary's Honor Ctr.,* [—— U.S. ——], 125 L.Ed.2d 407, 113 S.Ct. 2742, forecloses the possibility of summary judgment in discrimination cases. Plaintiff misreads *St. Mary's.* In that case, the Supreme Court held that even when a defen-

*Forest v. Baptist Home Ass'n of the Rocky Mountains, Inc.,* No. 93–1234, 1994 WL 41275, 1994 U.S.App. LEXIS 2386 (10th Cir. Feb. 11, 1994) (affirming district court's order granting summary judgment where plaintiff fails to offer evidence to rebut defendant's legitimate, nondiscriminatory reasons for plaintiff's termination); *Mitchell v. Data General Corp.,* 12 F.3d 1310, 1317 (4th Cir. 1993) (affirming district court's order granting summary judgment);[7] *Bodenheimer v. PPG Industries, Inc.,* 5 F.3d 955 (5th Cir. 1993) (affirming district court's order granting summary judgment in an Age Discrimination in Employment Act case);[8] *Allen v. E.D.S. Federal,* No. 92–4026–RDR, 1993 WL 455330, 1993 U.S. Dist. LEXIS 15609 (D.Kan. Oct. 7, 1993) (granting summary judgment to defendant; although plaintiff offered some evidence which might cause a reasonable jury to question whether defendant's proffered reasons for her discharge were correct, the record did not contain sufficient evidence for a reasonable jury to believe that the proffered reasons are a pretext for age discrimination); *Robert, Jr. v. Associ-*

*ated Wholesale Grocers, Inc.,* No. 92–2298–EEO, 1993 WL 390378, 1993 U.S. Dist. LEXIS 14034 (D.Kan. Sept. 15, 1993); *see also Pilditch,* 3 F.3d at 1117–1119 (reversing district court's finding of discrimination even though plaintiff demonstrated a prima facie case of discrimination at trial).

In sum, the plaintiff has failed to present any evidence demonstrating a genuine issue of material fact precluding summary judgment. Despite the plaintiff's impassioned claim that he is, as a matter of law, impervious to summary judgment, summary judgment is appropriate in this case.

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment (Dk. 11) is granted.

---

dant's proffered reasons for an adverse personnel action are incredible, the burden still remains with the plaintiff to prove racial discrimination. *St. Mary's Honor Ctr.,* [—— U.S. at —— ——], 113 S.Ct. at 2747–49. After the defendant in a discrimination case carries his or her burden of production, the plaintiff has the opportunity to show " 'that the proffered reason was not the true reason for the employment decision' and that race was." Id. [—— U.S. at ——, 113 S.Ct.] at 2747 (quoting *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 256, 67 L.Ed.2d 207, 101 S.Ct. 1089 [1095] (1981)). In *St. Mary's,* the Court reviewed the results of a trial to the court; the case does nothing to alter the traditional standards governing motions for summary judgment. A plaintiff in a discrimination case must prove intentional discrimination. *Id.* [—— U.S. at ——, 113 S.Ct.] at 2747–48. It is an essential element of the case. If a plaintiff in response to a motion for summary judgment cannot come forward with specific facts showing that there is a genuine issue for trial as to the essential element of intentional discrimination, summary judgment must be granted for the defendant. Plaintiff here has failed to make this showing.
1994 WL 75874, at *2, 1994 U.S.App. LEXIS 4149, at *6–7.
Although this opinion is not published and is therefore not binding precedent, it has persuasive value and assists the court in disposition of this legal issue. *See In re Citation of Unpublished*

*Opinions/Orders and Judgments,* 151 F.R.D. 470 (10th Cir.1993).

7. In *Mitchell,* the court noted that "the plaintiff can fail to meet his burden, not only by failing to establish a prima facie case, but also by failing to show a genuine factual dispute over the employer's legitimate non-discriminatory explanation." 12 F.3d at 1317.

8. In *Bodenheimer,* the Fifth Circuit stated:

Because we are reviewing a summary judgment, we need not determine whether [the plaintiff] actually proved [the defendant's] reasons were a pretext for age discrimination. Rather, we must assess whether [the plaintiff] tendered factual evidence that would lead a jury to reasonably conclude that [the defendant's] reasons are a pretext for age discrimination. Fed.R.Civ.P. 56(c); *St. Mary's,* [——] U.S. at [——], 113 S.Ct. at 2747. We recognize that *St. Mary's* did not involve review of a summary judgment, whereas this case does. The case nonetheless is controlling as to what showing [the plaintiff] must make to avoid summary judgment. In particular, because [the plaintiff] would be required to prove at trial, through a preponderance of the evidence, that [the defendant's] proffered reasons are a pretext for age discrimination, he must now produce sufficient evidence to establish that [the defendant's] reasons were pretexts for age discrimination. We find that he did not. 5 F.3d at 958.