Pamela N. BRINKMAN, Plaintiff,

v.

**STATE OF KANSAS, DEPARTMENT OF CORRECTIONS, Defendant.**

No. 93–2323–JWL.

United States District Court, D. Kansas.

Nov. 23, 1994.

Pantaleon Florez, Jr., Florez & Frost, P.A., Topeka, KS, for plaintiff Pamela N. Brinkman.

Lisa A. Mendoza, Kan. Dept. of Corrections, Edward F. Britton, Jr., State of Kan., Topeka, KS, for defendant Kan. Dept. of Corrections.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I.  INTRODUCTION

This matter is currently before the court on the motion of plaintiff, Pamela N. Brinkman, to amend the judgment of the court, pursuant to Federal Rule of Civil Procedure 59(e) (Doc. # 53). Defendant, the State of Kansas Department of Corrections ("KDOC"), has responded and opposes the motion. For the reasons set forth fully below, plaintiff's motion is denied.

On September 13, 1994, the court issued an order granting defendant's motion for summary judgment on plaintiff's claim that the KDOC discriminated against her on the basis of her gender in violation of Title VII, 42 U.S.C. § 2000e–2(a)(1), the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"), and the Kansas Acts Against Discrimination, K.S.A. 44–1009(a)(1) ("KAAD"). The court also dismissed without prejudice plaintiff's only remaining claim, that the KDOC unlawfully discriminated against her by failing to make reasonable accommodations for her disability or handicap in violation of the KAAD, K.S.A. 44–1009(a)(8)(E), declining to exercise its supplemental jurisdiction over that state-law claim. 863 F.Supp. 1479.

Plaintiff's motion to reconsider or to amend the judgment addresses only that portion of the order granting summary judgment on plaintiff's claim of discrimination based on an alleged pregnancy-related medical condition (her Title VII/PDA claim [1]). Plaintiff does not argue that the court's decision to decline to exercise supplemental jurisdiction over her pendant state-law claim was in error.

In its previous order, this court specifically found that plaintiff did not meet her burden to establish a prima facie case of discrimination on the basis of her pregnancy.[2] In addition, the court found that even if plaintiff's evidence could be construed to establish a prima facie case of discrimination, the defendant had proffered legitimate, non-discriminatory reasons for her termination which plaintiff did not contradict with sufficient evidence of pretext. Thus, the court concluded that plaintiff had not met her burden to resist the defendant's properly supported summary judgment motion by setting forth specific facts showing a genuine issue of fact existed for trial. *See Anderson v. Liber-* *ty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

Plaintiff, in her motion to amend, now attempts to set forth "new" facts which she contends establishes a genuine issue for trial. In addition, plaintiff argues that the court incorrectly concluded that she failed as a matter of law to show a sufficient causal nexus between her alleged medical condition and her pregnancy.

The court finds that plaintiff's proffer is evidence which, with the exercise of due diligence, could have been brought before the court originally, and, as such, does not establish sufficient grounds upon which to grant a motion to amend. Second, the court finds that even if such evidence is considered, plaintiff does not establish that a genuine issue of material fact exists for trial. The court further finds that it did not err in holding that plaintiff had failed to set forth facts from which a reasonable jury could conclude that she had been discriminated against on the basis of her pregnancy or a pregnancy-related medical condition.

## II. LEGAL STANDARD

A motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) is essentially a motion for reconsideration. *Henry v. Office of Thrift Supervision,* No. 92–4272–DES, 1993 WL 545195, at *1 (D.Kan. Dec. 28, 1993). "[T]he purpose of a Rule 59(e) motion to alter or amend is to correct manifest errors of law or to present newly-discovered evidence. Such a motion is not intended to allow the parties to relitigate previous issues, advance new theories, or rehear the merits of a case." *Swanson v. Allied–Signal, Inc.,* No. 91–2155–0, 1992 WL 403095, at *1 (D.Kan. Dec. 9, 1992) (citing *Committee for the First Amendment v. Campbell,* 962 F.2d 1517 (10th Cir.1992); *Renfro v. City of Emporia,* 732 F.Supp. 1116 (D.Kan.1990)). When attempting to support

---

1. The court has not addressed the merits of plaintiff's claim of discrimination based on an alleged disability pursuant to the KAAD.

2. Plaintiff's claim of gender discrimination under Title VII and the PDA may be understood as follows: that plaintiff had a medical condition related to her pregnancy that required her to be on light duty at work, that the KDOC failed to accommodate her light-duty requests, that this failure ultimately lead to the termination of her employment, and that this conduct amounted to intentional discrimination on the basis of her pregnancy. Plaintiff sought damages arising from her termination of employment.

a Rule 59(e) motion with newly-discovered evidence, if that evidence was available at the time of the decision being challenged, the movant must show that counsel made a diligent yet unsuccessful effort to discover that evidence. *Buell v. Security General Life Ins. Co.*, 987 F.2d 1467, 1472 (10th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 308, 126 L.Ed.2d 255 (1993). Whether to grant or deny a motion for reconsideration is committed to the court's sound discretion. *See Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988).

## III. DISCUSSION

Plaintiff contends that the following evidence entitles her to reconsideration of the court's previous order: (1) evidence that plaintiff's position was filled by a male; and (2) evidence that other males who requested light-duty assignments were accommodated. Plaintiff admits that this evidence was not brought before the court in response to defendant's motion, but insists the court should consider it in any event because the information "was not previously available."

■ Plaintiff has not demonstrated that a diligent effort was made to obtain and present this evidence in response to defendant's motion. The court believes that, had plaintiff acted diligently, this evidence could have been uncovered and offered to the court in a timely manner. Counsel states only that "[i]t was not until after this court entered its order that individuals were willing to come forward and identify male employees who were accommodated." He does not explain why this was so and does not attach an affidavit from any employee to corroborate his claim. The court does not believe counsel's claim, standing alone, is sufficient to meet his burden to show diligence. Nor is the court persuaded that plaintiff could not have produced evidence that several months after her termination her position was filled by a male employee, for counsel states no reason why the KDOC's master roster could not have been requested and obtained in time to make use of such information in support of plaintiff's claims upon summary judgment. Plaintiff's "new" evidence does not warrant reconsideration.

■ The court has, however, considered this evidence in any event and is not persuaded that it would effect a change in the court's previous rulings. In its order and judgment, the court found that plaintiff did not establish that her medical condition at the time of her termination, namely degenerative arthritis in her knees and ankles, was a condition related to her pregnancy several months before. Plaintiff has still not provided such evidence. Absent evidence that plaintiff did, in fact, suffer from a pregnancy-related medical condition, the court could not find on summary judgment, and still cannot find, that plaintiff was discriminated against on the basis of her pregnancy. Even in light of evidence that she was replaced by a male employee, or that other male employees received light-duty assignments upon request, the court simply cannot find that there is a triable issue as to whether plaintiff was unlawfully discriminated against on the basis of her pregnancy.

Because she did not show she was pregnant at or near the time of her termination, or that she had a pregnancy-related medical condition in January through March of 1992, the court found that plaintiff failed to show she was a member of a protected class as necessary to set forth a prima facie case.[3] The court further found that even if the protected class could be construed to include plaintiff,[4] absent evidence that her degenerative arthritis was related to her pregnancy, there was no basis upon which to conclude that the defendant's proffered reasons for

---

3. Plaintiff gave birth to her child in April of 1991.

4. The court did not find that under no facts could a woman, whose pregnancy ended nine to eleven months before termination, be considered in the protected class. Rather, the court found that

absent any evidence of a causal relationship between plaintiff's pregnancy and the degenerative arthritis from which she allegedly suffered at the time of her termination, and which condition she alleged would continue indefinitely, plaintiff could not be considered a member of the class of "pregnant women" protected by the PDA.

her termination[5] were a mere pretext for intentional discrimination on the basis of her pregnancy or gender.

■ Plaintiff argues that the following evidence establishes the causal nexus between plaintiff's medical condition at the time of her termination, and her pregnancy months before, which the court deems lacking: (1) evidence that Dr. Ashkar, when plaintiff was sixteen weeks pregnant, first limited her climbing and walking, and that throughout her pregnancy he "wrote a lot of statements"; and (2) evidence that on February 13, 1992 (close in time to her termination but more than ten months after giving birth), Dr. Christiano indicated that plaintiff's "condition" was aggravated by her job duties, that he had written "numerous light duty orders," and that the failure to accommodate her with light-duty assignments aggravated her degenerative arthritis.

■ The court simply disagrees with plaintiff that this evidence demonstrates that her degenerative arthritis was a pregnancy-related medical condition. Nowhere in the record does any of plaintiff's personal physicians connect her arthritis to her previous pregnancy. In addition, as the court noted in its order, plaintiff's own testimony, at best, indicates that she "noticed" the condition during pregnancy and that it got progressively worse. The court is left to speculate whether plaintiff's arthritis was a condition related to her pregnancy. Evidence inviting pure speculation is simply insufficient to raise a genuine issue of material fact for trial. *See Brown v. West,* 856 F.Supp. 591, 595 (D.Kan.1994) (optimistic conjecture, unbridled speculation, and hopeful surmise insufficient in response to properly supported motion for summary judgment) (citing *Vega v. Kodak Caribbean, Ltd.,* 3 F.3d 476, 479 (1st Cir.1993)).

■ Moreover, there is no evidence that the defendant was aware of, or had even speculated, in early 1992, that plaintiff was suffering from a pregnancy-related medical condition. The PDA prohibits employers from treating pregnancy or pregnancy-relat-

ed conditions differently than or less favorably than other medical conditions. *E.E.O.C. v. Ackerman, Hood & McQueen, Inc.,* 956 F.2d 944, 948 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 60, 121 L.Ed.2d 28 (1992). Absent knowledge or a belief on the part of the defendant that plaintiff's condition was related to her pregnancy, there can be no reasonable inference that plaintiff's pregnancy motivated the defendant to treat plaintiff less favorably than others with non-pregnancy related conditions.

Thus, plaintiff has not set forth facts giving rise to an inference of unlawful discrimination on the basis of an alleged pregnancy-related medical condition, and her request to amend must be denied. The balance of plaintiff's motion reargues theories which the court considered and rejected in the first instance. The court is simply not persuaded that it has made a manifest error of fact or law.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED BY THE COURT** that the motion of plaintiff, Pamela N. Brinkman, to amend the judgment of the court, pursuant to Federal Rule of Civil Procedure 59(e) (Doc. # 53) is denied.

**IT IS SO ORDERED.**

---

**5.** Defendant articulated that plaintiff's inability to perform her duties and job abandonment were the reasons for her termination.