865 F.2d 948
 48 Fair Empl.Prac.Cas. 1439,
48 Empl. Prac. Dec. P 38,615
Robert SWAPSHIRE, Gilbert Perry, Appellee,
Charles Roberts
v.
Robert J. BAER; John J. Frank; James E. Mosbacher;
William H. Young; and Vincent Schoemehl, Appellants.
Robert SWAPSHIRE, Appellant,
Gilbert Perry, Charles Roberts, Appellant,
v.
Robert J. BAER; John J. Frank; James E. Mosbacher;
William H. Young; and Vincent Schoemehl, Appellees.
 Nos. 87-2190, 87-2239.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 12, 1988.
Decided Jan. 18, 1989.
 
 H. Kent Munson, St. Louis, Mo., for appellants.
 Paul E. Ground, Manchester, Mo., for appellees.
 Before McMILLIAN and BOWMAN, Circuit Judges, and HARRIS, Senior District Judge.*
 BOWMAN, Circuit Judge.
 
 
 1
 The issue in No. 87-2190 is whether the District Court[1] erred in failing to give preclusive effect to a state-court judgment adverse to appellee Gilbert Perry. The principal issues in No. 87-2239 are whether the District Court properly instructed the jury on appellants Robert Swapshire's and Charley Roberts's respective claims, and whether the District Court erred in excluding from evidence at trial two exhibits tendered by Swapshire and Roberts. The judgment of the District Court is reversed in No. 87-2190 and is affirmed in No. 87-2239.
 
 
 2
 Perry, Swapshire, and Roberts, all of whom are black, commenced an action against the defendants below, members of the Board of Police Commissioners of the City of St. Louis (Board), on a variety of claims brought under 42 U.S.C. Sec. 1981 and 42 U.S.C. Sec. 1983. Perry alleged that defendants had discharged him from the St. Louis Police Department (Department) on account of his race. Swapshire and Roberts alleged that they had each been denied promotions within the Department on account of their race and on account of their participation in an organization known as the St. Louis Ethical Police Society. The claims were tried together, the jury returning verdicts in favor of Perry on his claim and against Swapshire and Roberts on their claims. The District Court entered judgment on the verdicts and denied defendants' motion for judgment notwithstanding the verdict and Swapshire's and Roberts's motion for a new trial. These appeals followed.
 
 I. Appeal No. 87-2190
 
 3
 In No. 87-2190, defendants argue that the District Court erred in failing to give preclusive effect to a state-court judgment which affirmed their decision to discharge plaintiff Perry from the Department. Prior to the commencement of the instant lawsuit, the Department had preferred charges against Perry for being outside his assigned "beat" without permission or justifiable excuse and for threatening the life of his supervising officer. Perry denied the charges and claimed he was the victim of racial harassment by his supervising officer. The Department presented its evidence before an administrative hearing officer. Perry was represented by counsel at the administrative hearing, and was afforded all rights associated with a full-dress adversarial proceeding. The administrative hearing officer submitted his recommended findings to the Board, which issued a written decision sustaining the two charges lodged against Perry and discharging him from the Department.
 
 
 4
 In accordance with Missouri law, Perry then petitioned the Circuit Court of the City of St. Louis for judicial review of the Board's decision. While his petition for review was pending before the state court, Perry filed the instant action in federal district court, alleging that defendants had imposed the sanction of discharge (as opposed to a less harsh form of discipline) because he is black. The state court ultimately affirmed the Board's decision to discharge Perry from the Department. Once the state court had rendered its judgment, defendants moved for summary judgment against Perry based on what they perceived to be the res judicata effect of that judgment. The District Court denied the motion.[2]
 
 
 5
 Under 28 U.S.C. Sec. 1738, the "[a]cts, records and judicial proceedings" of a state court "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." As the United States Supreme Court has stated, "Section 1738 requires federal courts to give the same preclusive effect to state-court judgments that those judgments would be given in the courts of the state from which the judgments emerged." Kremer v. Chemical Construction Corp., 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982). Missouri law recognizes two types of preclusion. The doctrine of res judicata precludes relitigation of claims in a later lawsuit that were or could have been litigated in a prior lawsuit between the same parties. The doctrine of collateral estoppel precludes relitigation of an issue in a later lawsuit by the party against whom the issue was decided in a prior lawsuit. Compare Prentzler v. Schneider, 411 S.W.2d 135, 138 (Mo.1966) (en banc) (elements of res judicata under Missouri law) with Oates v. Safeco Ins. Co. of America, 583 S.W.2d 713, 719 (Mo.1979) (en banc) (elements of collateral estoppel under Missouri law).
 
 
 6
 The District Court declined to give the state-court judgment either type of preclusive effect for two reasons. First, the District Court was of the view that Perry simply could not have litigated his federal claim (namely, that he was terminated rather than given a milder form of discipline, because of his race) in state court because the Board meted out his punishment only after the state court had rendered its judgment. Second, the District Court was of the view that because the state court's standard of review of administrative action is limited under Missouri law, the state court's judgment is not entitled to preclusive effect.[3] We cannot agree with the District Court's reasoning.
 
 
 7
 Not only could Perry have presented to the state court the question whether the relative harshness of his punishment was race-related, Perry in fact did so. Perry specifically asserted in his state-court petition that he had been terminated by the Board and that the Board's decision to terminate him (rather than to assess a lesser penalty) was, among other things, discriminatory. In short, Perry received his punishment before and not after the state court rendered its judgment and Perry did in fact place the discriminatory punishment question into issue before the state court.[4] Further, "[i]t is well established that judicial affirmance of an administrative determination is entitled to preclusive effect." Kremer, 456 U.S. at 481 n. 21, 102 S.Ct. at 1896. There is no requirement that judicial review must proceed de novo in order for the state-court judgment to be entitled to preclusive effect in federal court under Sec. 1738. Id.
 
 
 8
 As the District Court recognized, under Missouri law a party is collaterally estopped from relitigating an issue decided against him in a prior lawsuit when four conditions are met. First, the issue decided in the prior adjudication must have been identical to the issue presented in the later lawsuit. Second, the prior adjudication must have resulted in a judgment on the merits. Third, the party against whom collateral estoppel is asserted must have been a party or in privity with a party to the prior adjudication. Fourth, the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior suit. Oates, 583 S.W.2d at 719. As we already have pointed out, the issue presented in Perry's federal lawsuit (namely, whether his punishment was discriminatorily harsh) was also presented to the state court. The state court decided this issue against Perry in finding that the Board's decision "was not arbitrary nor capricious and was not contrary to the law and was reasonable." Perry v. Board of Police Commissioners, No. 854-00278 (Mo.Cir.Ct. Oct. 22, 1986) (unpublished order). The state-court lawsuit plainly resulted in a judgment on the merits of this issue. Perry plainly was a party to the state-court lawsuit. The first three Oates conditions are therefore met, and Perry is collaterally estopped from relitigating this issue in his federal lawsuit unless it can be said that he did not have a full and fair opportunity to litigate this issue before the state court.
 
 
 9
 Perry takes the position that he did not have a full and fair opportunity to litigate the discriminatory punishment issue in state court because under Missouri law he could not present evidence in support of the allegations pled in his petition for review, but rather he was relegated to the state court's deferential review of the Board's decision based solely on the record developed at the administrative hearing. Perry's contention does not withstand close scrutiny.
 
 
 10
 As noted above, a state court's review of an administrative decision need not be de novo in order for the state court's judgment to be entitled to preclusive effect in federal court under Sec. 1738. More critically, Perry misconstrues the state court's ability to consider additional evidence in the course of its review of an administrative decision. By statute the Missouri circuit courts "may in any case hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown in the record." Mo.Rev.Stat. Sec. 536.140.4 (1986). Evidence of discriminatory imposition of punishment at least arguably constitutes "unfairness" within the meaning of this provision. By statute the Missouri circuit courts "may hear and consider additional evidence if the court finds that such evidence in the exercise of reasonable diligence could not have been produced ... at the hearing before the agency." Id. If, as Perry here contends, he was unable to present evidence of discriminatory discipline at the administrative hearing,[5] the circuit court at least arguably had authority to consider any evidence on this issue Perry wished to proffer.[6] We are convinced that Perry had a full and fair opportunity to present whatever evidence of discriminatory punishment he may have had to the state court. The circuit court could either have heard and considered his evidence or have remanded the matter to the Board for reconsideration. He simply failed to avail himself of the opportunity.[7]
 
 
 11
 Because Perry had a full and fair opportunity to present his evidence of discriminatory punishment to the state court, the fourth Oates condition is met. The first three Oates conditions also having been met, Perry is collaterally estopped under Missouri law and therefore by Sec. 1738 from relitigating this issue in his federal lawsuit.[8] The pivotal issue in Perry's federal lawsuit is whether he was disciplined, on account of his race, more harshly than he otherwise would have been. This issue was decided against Perry in state court, and the state court's judgment should have been given preclusive effect in his federal lawsuit. The judgment of the District Court is therefore reversed in No. 87-2190. On remand the District Court shall enter judgment in favor of defendants and against plaintiff Perry on Perry's claim of discriminatory discharge.
 
 II. Appeal No. 87-2239
 
 12
 In No. 87-2239, plaintiffs Swapshire and Roberts raise several grounds for reversal. Their principal contention is that the District Court incorrectly instructed the jury on their Sec. 1981 and Sec. 1983 claims. Regarding their Sec. 1981 claims, they contend that the District Court erred in instructing the jury that in order to return a verdict in favor of either plaintiff it must find, among other things, that defendants' failure to promote him "was the result of intentional discrimination based on race." Regarding their Sec. 1983 claims, they contend that the District Court erred in instructing the jury that in order to return a verdict in favor of either plaintiff it must find, among other things, that defendants failed to promote him "because of his activities with the St. Louis Ethical Police Society." Plaintiffs claim that the Sec. 1981 instructions "strongly suggest that in order for the jury to find for Plaintiffs they must find that the Plaintiffs' race was the sole cause for Defendants' failure to promote them."[9] Plaintiffs claim that the Sec. 1983 instructions suffer a similar infirmity in that they "suggest strongly that in order to find for Swapshire and Roberts on their [Sec.] 1983 claim [sic], the jury must find that Swapshire [sic] and Roberts [sic] first amendment activities were the sole reason for their failure to be promoted."[10]
 
 
 13
 Plaintiffs' objections to the instructions are without merit. The ultimate issue in each plaintiff's Sec. 1981 claim is whether defendants failed to promote him because of his race. Cf. Furnco Construction Corp. v. Waters, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978) (Title VII case). Section 1981 requires proof of intentional discrimination. General Building Contractors Ass'n. v. Pennsylvania, 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982). We see no legally significant difference between the phrases "because of his race" and "the result of intentional discrimination based on race." If defendants failed to promote either Swapshire or Roberts because of his race, then that failure was "the result of" intentional race-based discrimination. If race figured into defendants' decision not to promote either Swapshire or Roberts (among whatever other reasons for not promoting them defendants may have articulated) then that decision was "the result of" race discrimination as the phrase "result of" is ordinarily used and understood. The District Court therefore did not misstate the law in instructing the jury as it did on plaintiffs' Sec. 1981 claims.[11]
 
 
 14
 Swapshire and Roberts also contend that the District Court committed reversible error in excluding two exhibits at trial. Plaintiffs' Exhibit 25 documented an occasion on which the Department had reduced the rank of a white officer (Cira) who had pled guilty to charges of abusing prisoners and making a false offense report. Plaintiffs had put into evidence an occasion on which the Department had discharged a black officer (Washington) whom the Board had found guilty of abusing a prisoner. They claim that Exhibit 25 "would have shown disparate treatment of black and white officers by the Police Board" and thus that the exhibit is relevant to their Sec. 1981 claims.[12]
 
 
 15
 Plaintiffs' theory of relevancy is flawed. In order for evidence of disparate treatment to be relevant to plaintiffs' Sec. 1981 claims, plaintiffs must show disparate treatment between themselves and similarly situated white employees. See, e.g., Johnson v. Bunny Bread Co., 646 F.2d 1250, 1255 (8th Cir.1981). Neither Swapshire nor Roberts, however, is similarly situated to Cira because they do not claim that they received more severe discipline for abusing prisoners than did Cira for abusing prisoners. Exhibit 25 may be relevant to a Sec. 1981 claim brought by Washington, but that fact does not make it relevant to Swapshire's and Roberts's Sec. 1981 claims. The District Court therefore did not err in excluding Exhibit 25 from evidence at trial.
 
 
 16
 Swapshire and Roberts also claim that the District Court's refusal to admit into evidence a portion of Exhibit 17 is reversible error. The excluded portion of Exhibit 17 related to a suspension of a black officer (Alphin) pending the resolution of criminal allegations against him. Plaintiffs' argument, though hardly made clear in their brief, seems to be that while they, like Alphin, did not have spotless disciplinary records, nevertheless Alphin, a non-member of the St. Louis Ethical Police Society, received promotions over the course of his employment in the Department whereas plaintiffs, who are members of that organization, did not. The inference plaintiffs apparently intended the jury draw from this evidence is that they were not promoted because of their membership in that organization. The excluded portion of Exhibit 17, however, refers to a suspension Alphin received in 1970. Plaintiffs claim they were not promoted in 1984 and 1986 on account of their participation in the St. Louis Ethical Police Society. The District Court was concerned about the remoteness in time of Alphin's suspension to the events of which plaintiffs complain, and excluded this portion of the exhibit on relevancy grounds.
 
 
 17
 We review the District Court's ruling under an abuse of discretion standard. See, e.g., Smith v. Firestone Tire & Rubber Co., 755 F.2d 129, 134 (8th Cir.1985). The District Court acted within its sound discretion in refusing to admit evidence which so predated the occurrences germane to plaintiffs' claims.
 
 
 18
 Finally, Swapshire and Roberts contend that the District Court committed reversible error in denying their motion for a mistrial based on the composition of the jury. They argue that defendants exercised their peremptory challenges to strike each black venireperson, thereby "effectively depriv[ing] Plainiffs [sic] of a fair and impartial juror [sic] to hear this matter[,]" in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).[13]
 
 
 19
 This claim is without merit. We have previously expressed "strong doubts" whether Batson applies to civil cases. See Wilson v. Cross, 845 F.2d 163, 164-65 (8th Cir.1988). In any event, counsel for defendants articulated on the record the reasons for his peremptory strikes and the District Court concluded that, based on the record before it, a mistrial would not have been appropriate even in the context of a criminal case. Plaintiffs do not here suggest how, even assuming that they may invoke Batson, the District Court's ruling was erroneous.[14]
 
 
 20
 In conclusion, then, the judgment of the District Court is reversed in No. 87-2190 and is affirmed in No. 87-2239. On remand the District Court shall enter judgment in favor of defendants and against Perry.
 
 
 
 *
 The HONORABLE OREN HARRIS, Senior United States District Judge for the Western District of Arkansas, sitting by designation
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Defendants reasserted their preclusion theory in motions for directed verdict and for judgment notwithstanding the verdict. These motions were also denied
 
 
 [3]
 Swapshire v. Baer, No. 86-99C(5), slip op. at 3-4 (E.D.Mo. Mar. 27, 1987) (original unpaginated)
 
 
 [4]
 To the extent the District Court's contrary assessment may be characterized as a finding of fact within the meaning of Fed.R.Civ.P. 52(a), it is clearly erroneous
 
 
 [5]
 Perry contends that he could not have presented such evidence at the administrative hearing because the Board did not impose punishment until after the hearing
 
 
 [6]
 The just-quoted statutory provision applies "[w]herever under subsection 3 or otherwise the court is entitled to weigh the evidence and determine the facts for itself." Section 536.140.4 also permits the circuit court to remand the case to the agency for reconsideration of its decision in light of any competent and material evidence which in the exercise of reasonable diligence could not have been produced at the hearing before the agency if the circuit court finds that it is not entitled to weigh the evidence and determine the facts for itself
 
 
 [7]
 Perry cites Consumer Contact Co. v. Dep't of Revenue, 592 S.W.2d 782 (Mo.1980) (en banc) for the proposition that "courts may consider, in reviewing the findings of an administrative agency under the Administrative Procedure Act, only that evidence that was before the agency." Appellees' Brief at 23. Perry implies that Consumer Contact reduces the circuit court's statutory authority to consider additional evidence. We cannot agree. The principle enunciated in Consumer Contact applies to judicial review of agency action allegedly not supported by competent and substantial evidence upon the whole record. See Consumer Contact, 592 S.W.2d 782, 785; Mo.Rev.Stat. Sec. 536.140.2(3) (1986). Consumer Contact does not purport to restrict the power of the circuit courts to take evidence when permitted by statute. Perry also refers our attention to Local Rule 71 of the Circuit Court of the City of St. Louis, which Perry claims bars the taking of evidence in actions for review of agency decisions. The rule itself, however, applies "except as otherwise provided by law." As discussed in the text of this opinion, the Missouri circuit courts are authorized by statute to take additional evidence in actions for review of agency decisions
 
 
 [8]
 This Court has previously admonished discharged police officers that they must litigate Sec. 1981 and Sec. 1983 challenges to their dismissals in state court if they appeal their dismissals in state court, at peril of Sec. 1738 preclusion. See Brown v. St. Louis Police Dep't, 691 F.2d 393, 396 (8th Cir.1982), cert. denied, 461 U.S. 908, 103 S.Ct. 1882, 76 L.Ed.2d 812 (1983)
 
 
 [9]
 Appellants' Brief at 14
 
 
 [10]
 Appellants' Brief at 16
 
 
 [11]
 For the same reasons we reject plaintiffs' similar objection to the manner in which the District Court instructed the jury on their Sec. 1983 claims
 
 
 [12]
 Appellants' Brief at 18
 
 
 [13]
 Appellants' Brief at 19
 
 
 [14]
 That Swapshire and Roberts were not deprived of a fair and impartial jury is demonstrated by the fact that it returned a verdict in favor of co-plaintiff Perry, who is also black. Swapshire and Roberts also claim the District Court erred in granting defendants' motion to strike venireperson Brown for cause. The record reveals that plaintiffs did not object to this strike at trial and hence we deem the point not preserved for review