Elvis TOLEFREE, Appellant,

v.

CITY OF KANSAS CITY, MISSOURI, Appellee.

No. 91–2002.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 10, 1991.

Decided Dec. 2, 1992.

Rehearing and Rehearing En Banc Denied Feb. 25, 1993.

Larry Delano Coleman, Kansas City, Mo., for appellant.

Richard N. Ward, City Atty., and M. Margaret Sheahan Moran, Asst. City Atty., Kansas City, Mo., for appellee.

Before BEAM, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

HEANEY, Senior Circuit Judge.

Elvis Tolefree appeals from the district court's order granting summary judgment to the City of Kansas City, Missouri ("the City") in Tolefree's employment discrimination action. We reverse and remand.

## I.

The City hired Tolefree as a fire fighter in August 1978. Tolefree's supervisors reviewed his work annually on an "Employee Performance Report" form, which required the supervisor to rate the employee's quality of work, work output, work habits, safety, personal relations, adaptability, and supervisory skills, and to give the employee a "general evaluation" rating.[1] Tolefree's "general evaluation" ratings were as follows:

| August | 1979 | Average |
| August | 1980 | Average |
| July | 1981 | Average |
| August | 1982 | Satisfactory |
| July | 1983 | Satisfactory |
| March | 1984 | Unsatisfactory |
| July | 1984 | Satisfactory |
| July | 1985 | Satisfactory |
| August | 1986 | Unsatisfactory |
| November | 1986 | Unsatisfactory |

---

**1.** From 1979 until 1981, the possible ratings in each category were: outstanding, above average, average, below average, and unsatisfactory. In 1982, the ratings changed to optimal, better, satisfactory, and unsatisfactory.

In April 1984, Tolefree filed a charge of race discrimination with the City's Department of Human Relations. He alleged that because he is an African–American, he was denied training as an extra driver, subjected to derogatory remarks, instructed to remain at his rig during fires, and sanctioned for insubordination. The disposition of this charge is not clear from the record.

In September 1986, Tolefree again filed a charge against the City with the City's Department of Human Relations and with the Equal Employment Opportunity Commission (EEOC). His 1986 charge asserted that his August 1986 "unsatisfactory" rating was in retaliation for filing the 1984 discrimination charge. After Tolefree was again rated "unsatisfactory" in November 1986, the City discharged him effective December 9, 1986, citing lack of diligence and poor work quality. Tolefree then amended his September 1986 charge to allege that his discharge was also retaliatory.

At Tolefree's request, the City's Personnel Appeals Board ("the Board") reviewed the propriety of his discharge. The Board held a hearing, at which Tolefree was represented by his union's attorney. The sole issue at the hearing was whether the City's dismissal of Tolefree was justifiable. Neither party raised the issues of racial discrimination and retaliation. In a brief written decision, the Board held that Tolefree was properly terminated under section 16.5 of the Personnel Rules and Regulations, which stated that "[a]ny employee receiving a rating of UNSATISFACTORY for two (2) consecutive times shall be dismissed by the appointing authority for unsatisfactory service." The Board found that "although [Tolefree] appears to be an intelligent articulate person, he has allowed his own values and concepts of his job to create performance problems in his dealing with a structured fire fighting system accepted by the Fire Department, the Union and the management."

In accordance with internal administrative procedures, Tolefree next appealed to the City Manager, who concluded that the Board's decision was supported by the record. Tolefree then filed a petition for review with the state circuit court in Jackson County. In an October 1987 order, the state court summarily affirmed the Personnel Board and the City Manager without opinion. Tolefree did not appeal the state court's order.

After receiving a right to sue letter from the EEOC in November 1989 on his 1986 charge against the City, Tolefree filed this action in the district court in February 1990. His complaint alleged racial discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e–2 and the Missouri Human Rights Act, Mo.Rev.Stat. §§ 213.-055, *et seq.* One year later, the City moved for summary judgment, arguing that the prior state court order barred Tolefree's claims under the doctrine of collateral estoppel. The district court agreed, relying on our opinion in *Swapshire v. Baer*, 865 F.2d 948 (8th Cir.1989), and on *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). The district court noted that an employer will prevail in a Title VII action if it can prove that it would have discharged the plaintiff regardless of his race. *Price Waterhouse*, 490 U.S. at 242, 109 S.Ct. at 1786. The court concluded that

> [a]s the prior litigation determined that plaintiff was terminated for legitimate nondiscriminatory reasons, it is this finding which plaintiff is estopped from denying. Because it is an essential element of plaintiff's case to prove that defendant terminated plaintiff for other than a legitimate nondiscriminatory reason ... summary judgment must be entered on this claim.

The court reached the same result with respect to Tolefree's claim of retaliatory discharge.[2]

## II.

■ Federal courts must "give the same preclusive effect to state court judgments

---

**2.** The district court also held that Missouri's two-year statute of limitations barred Tolefree's state law claims. Tolefree does not appeal this part of the district court's order.

**1174**

that those judgments would be given in the courts of the state from which the judgments emerged." *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982). Under Missouri law, Tolefree would be collaterally estopped from pursuing his Title VII claim if four conditions were met. First, the issue decided in the prior adjudication must be identical to the issue presented by his Title VII action. Second, the prior adjudication must have resulted in a judgment on the merits. Third, Tolefree must have been a party or in privity with a party to the prior adjudication. Fourth, Tolefree must have had a full and fair opportunity to litigate the issue in the prior suit. *Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713, 719 (Mo.1979).

There is no question that the second and third requirements are satisfied in this case. The parties' dispute in this appeal centers on whether the state court has already decided an issue identical to an essential element of Tolefree's Title VII action. Tolefree also argues that he was denied a full and fair opportunity to litigate his claim at the administrative level because of ineffective representation.

■ In a traditional Title VII case, the plaintiff must first make out a prima facie case of discrimination. The burden then shifts to the defendant to articulate a "legitimate, nondiscriminatory reason" for the plaintiff's termination. Finally, the plaintiff has an opportunity to prove that the legitimate reasons that the defendant offered were merely a pretext for discrimination. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252–253, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981). In this case, the Board has already determined that Tolefree was, in fact, terminated for a legitimate reason (two unsatisfactory ratings). Because the Board found that the unsatisfactory ratings were justified, Tolefree is estopped from proving that the ratings were merely a pretext for discrimination.

■ Alternatively, a plaintiff can establish a violation of Title VII under a "mixed motives" theory by showing that discrimi-

nation played a part in the challenged employment decision. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244–245, 109 S.Ct. 1775, 1787–1788, 104 L.Ed.2d 268 (1989). Once the plaintiff has shown that race was a motivating factor, the defendant can escape liability only by proving that it would have made the same decision in the absence of discrimination. *Id.*

■ The City contends that it was entitled to summary judgment because the state court order precluded Tolefree from proving an essential element of his "mixed motives" case. We disagree. Because the Board never considered the discrimination or retaliation issues, the state court order cannot estop Tolefree from arguing that his discharge was based on a mixed motive. Even though the Board found a legitimate reason for Tolefree's dismissal, its opinion does not foreclose the possibility that the City's action was in part racially motivated. Under *Price Waterhouse*, Tolefree need only show that race was a motivating factor in his termination and that, absent discrimination, he would not have been fired. *Price Waterhouse*, 490 U.S. at 244–245, 109 S.Ct. at 1787–1788. Such a conclusion would not be inconsistent with the Board's holding.

We reject the City's assertion that our decision in *Swapshire* should control this case. In *Swapshire*, a Missouri state court had affirmed the St. Louis Board of Police Commissioners' decision upholding a black police officer's termination. We held that the prior state court proceedings collaterally estopped the plaintiff from bringing a civil rights action against the City of St. Louis in federal court. *Swapshire*, 865 F.2d at 949–52. Unlike Tolefree, however, the plaintiff in *Swapshire* "did in fact place the discriminatory punishment question into issue before the state court." *Id.* at 950. Tolefree did not do so. Tolefree is not barred, therefore, from attempting to make out a case of discrimination in federal court because the discrimination issue has not been litigated previously.

### III.

■ The City's final contention is that even if Tolefree's claim is not collaterally

estopped, it is barred on res judicata grounds. While collateral estoppel precludes relitigation of previously litigated *issues,* res judicata prevents relitigation of the same *claim. See Jacobs v. Corley,* 732 S.W.2d 910, 913 (Mo.App.1987).

Missouri courts hold that four concurring elements must be present to support res judicata: (1) the identity of the thing sued for; (2) the identity of the cause of action; (3) the identity of the parties to the cause of action; and (4) the identity of the quality or capacity of the person for or against whom a claim is made.

*Id.* (citing *Eugene Alper Constr. Co., Inc. v. Joe Garavelli's,* 655 S.W.2d 132, 136 (Mo.App.1983)). Although the third and fourth elements are satisfied, res judicata does not apply in this case because Tolefree's current claim is not the same as his previously litigated claim.

■ Tolefree's hearing before the Board and subsequent state court appeal were nothing more than steps in an administrative challenge of his dismissal. The City's charter limited the Board's involvement to a consideration of whether Tolefree's dismissal was justified. On appeal from this administrative determination, Tolefree could not raise new issues before the state court. Under Missouri law, in the absence of "alleged irregularities in procedure or of unfairness by the agency," the reviewing state court may consider only evidence that was before the Board unless "such evidence in the exercise of reasonable diligence could not have been produced or was improperly excluded at the hearing before the agency." Mo.Rev.Stat. § 536.140; *see also Benton–Hecht Moving & Storage v. Call,* 782 S.W.2d 668, 669 (Mo.App.1989) (judicial review of administrative decision "is upon the record made before the administrative body with deference to its fact finding function"). In appealing the board's decision to the state court, therefore, Tolefree was pursuing only the administrative remedies available to him. At no time during the previous actions did Tolefree assert any claim whatsoever against the City; he was merely seeking to have his dismissal reversed.

In contrast, Tolefree now asserts that the City discriminated against him in violation of Title VII. While it is true that the underlying subject matter of Tolefree's prior and current actions centers on his dismissal from the City's fire department, "no claim in the second action has been litigated in the first." *Id.* at 913. This is not, as the City claims, simply a case in which the plaintiff is attempting to relitigate the same claim under a different legal theory. *See Dreckshage v. Community Fed. Savings & Loan,* 641 S.W.2d 831, 834 (Mo.App. 1982). Rather, Tolefree's Title VII claim is of an entirely different nature from the earlier appeal of his termination. It is, therefore, not barred by the res judicata doctrine.

Contrary to the City's argument, *Brown v. St. Louis Police Dept.,* 691 F.2d 393, 396 (8th Cir.1982) is inapposite here. In *Brown,* we held that a plaintiff who brought an original action against his employer in state court should have asserted his civil rights claims at that time. *Id.* Essential to our holding in *Brown* was our statement that the discrimination issue "could and should have been raised in the state proceedings under Mo.Ann.Stat. § 84.040 (Vernon 1982)." *Id.* Section 84.040 prohibits the St. Louis police commissioners from removing any policeman from office for any reason other than "the fitness or unfitness of such a person." The City has not pointed to any corresponding statute relating to the Kansas City Fire Department under which Tolefree "could and should have" raised his claims of discrimination in state court.

Moreover, Tolefree was challenging his dismissal on two fronts. At the same time that he was challenging his unsatisfactory ratings before the Board, he was pursuing his claims of discrimination with the Kansas City Department of Human Relations under the Administrative Code, Code of General Ordinances of Kansas City, Article IX, §§ 26.201–26.214. We cannot, therefore, accuse Tolefree of failing to raise the discrimination issue at the administrative level; he simply raised it in an appropriate forum other than the Personnel Appeals Board. Tolefree did not appeal the Human

Rights Department's decision in state court, so he is not now precluded from bringing a Title VII action in federal court.

### IV.

Because we conclude that Tolefree's Title VII action is not barred by collateral estoppel or res judicata, we need not reach Tolefree's claim that his case was not fully and fairly litigated before the Board. We reverse and remand to the district court for further proceedings consistent with this opinion.