933 F.Supp. 817 (1996)
Deborah THOMAS, Plaintiff,
v.
ST. LOUIS BOARD OF EDUCATION and Beverly Wilkins, Defendants.
No. 4:94CV1049 JCH.
United States District Court, E.D. Missouri, Eastern Division.
June 10, 1996.
*818 Carolyn A. Benton, Husch and Eppenberger, St. Louis, MO, for Deborah Thomas.
Deborah Thomas, St. Louis, MO, pro se.
Daniel K. O'Toole, Armstrong and Teasdale, St. Louis, MO, Kenneth C. Brostron, Lashly and Baer, St. Louis, MO, for Beverly Wilkins, David J. Mahan, Board of Education, David Flieg, Charlene L. Jones, Dr., John E. Ingram, Dr., Earl E. Nance, Jr., Annie Russell, and Celestine Johnson, Dr.

MEMORANDUM AND ORDER
HAMILTON, Chief Judge.
This matter is before the Court on Defendants' Motion for Summary Judgment. This case is set for trial on the July 1, 1996 docket.
The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions *819 on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.
A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323, 106 S.Ct. at 2552-53. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed.R.Civ.P. 56(e); Anderson, 477 U.S. at 247, 106 S.Ct. at 2509-10. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256, 106 S.Ct. at 2514.
In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Id. at 255, 106 S.Ct. at 2513-14. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Id. at 249, 106 S.Ct. at 2510-11.

FACTS
Viewing the record in the light most favorable to Plaintiff, the Court accepts the following facts as true. As of August, 1992, Plaintiff Deborah Thomas was employed as a tenured kindergarten teacher at Meramec Elementary School. Defendant Beverly Wilkins was the principal of Meramec Elementary School.
On August 26, 1992, the first day of the school year, Ms. Wilkins informed Plaintiff that she was assigned to teach third grade rather than kindergarten. Plaintiff, who is African American, received no prior notice of this reassignment. The Caucasian teacher who was assigned to the kindergarten class received two weeks notice of the change. Plaintiff alleges that she tried to discuss the reassignment with Ms. Wilkins on August 27, but that Ms. Wilkins refused to discuss the matter and characterized Plaintiff's request for information as insubordination.
On October 5, 1992, Superintendent of Schools David Mahan notified Plaintiff by letter that she was suspended and that he was recommending her termination. As grounds for the suspension, the Superintendent charged Plaintiff with tardiness, absence without authorization, and insubordination. (Ex. 2 to Pltf's Mem. in Opp. to Defts' Mtn. for Summ. Judg.). Following a hearing on December 14 and 15, 1992, the Board of Education terminated Plaintiff's employment, finding that she was tardy on August 26 and 27, and absent without authorization on August 28, and that she refused to accept her reassignment. (Ex. 3 to Pltf's Mem. in Opp. to Defts' Mtn. for Summ.Judg.).
Plaintiff sought judicial review of the Board's decision in the St. Louis City Circuit Court. Plaintiff argued that the Board's factual findings were not supported by competent and substantial evidence, and that the Board's conclusions of law were arbitrary, unreasonable, excessive, contrary to law, and an abuse of discretion. (Ex. 4 to Pltf's Mem. in Opp. to Defts' Mtn. for Summ.Judg.). On January 20, 1994 the Circuit Court affirmed the Board's decision on all three charges. (Ex. 5 to Pltf's Mem. in Opp. to Defts' Mtn. for Summ. Judg.). The Missouri Court of Appeals affirmed the decision based solely on the insubordination charge. (Ex. 6 to Pltf's Mem. in Opp. to Defts' Mtn. for Summ. Judg.).
On March 10, 1993 Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging for the first time that the Board of Education had discriminated against her on the basis of her race. As grounds for her charge, Plaintiff asserted that the Caucasian teacher who was assigned to Plaintiff's kindergarten class received *820 two weeks notice, whereas Plaintiff received no notice of the reassignment. (Charge of Discrimination, attached to Pltf's original Compl.). Plaintiff also alleged that she did not refuse the assignment to teach third grade. (Id.).
Plaintiff received a Notice of Right to Sue dated April 28, 1994, and she timely filed her Complaint alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiff named as Defendants the Board of Education, Beverly Wilkins, David Flieg, Celestine Johnson, Dr. Charlene Jones, Dr. John Ingram, David Mahan, Rev. Earl Nance, Jr., and Annie Russell. On June 30, 1994 Plaintiff was granted leave to amend her Complaint to allege a defamation claim against Ms. Wilkins, based on negative references Ms. Wilkins allegedly gave to Plaintiff's potential employers over one year after Plaintiffs discharge. On October 20, 1994 the Court dismissed Plaintiff's Title VII claims against all of the individual Defendants for failure to state a claim.
On May 11, 1995 the Court appointed counsel to represent Plaintiff. Counsel filed Plaintiff's Third Amended Complaint on August 8, 1995. Count I of the Third Amended Complaint asserts a claim of race discrimination against the Board of Education in violation of Title VII, 42 U.S.C. § 2000e et seq. Count II asserts a Missouri state law claim for wrongful discharge against the Board of Education. Plaintiff specifically alleges that the Board terminated her employment in retaliation for a prior grievance she had filed against Ms. Wilkins. Count III alleges a state law defamation claim against the Board of Education and Beverly Wilkins. Defendants seek summary judgment on all three counts.

ANALYSIS
Defendants argue that Counts I and II of the Third Amended Complaint are barred by the res judicata effect of the state courts' affirmance of the Board of Education's decision. Section 1738 of Title 28, U.S.Code, requires federal courts to give full faith and credit to final judgments of state courts:
[J]udicial proceedings ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.
28 U.S.C. § 1738. If a state's preclusion rules would bar a claim in state court, then a federal court likewise would be precluded from entertaining the claim. See Tolefree v. City of Kansas City, Missouri, 980 F.2d 1171, 1173-74 (8th Cir.1992) ("Federal courts must `give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged.'"), cert. denied, 510 U.S. 905, 114 S.Ct. 284, 126 L.Ed.2d 234 (1993), quoting Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466, 102 S.Ct. 1883, 1889-90, 72 L.Ed.2d 262 (1982). Under Missouri law, "[t]he doctrine of res judicata precludes relitigation of claims in a later lawsuit that were or could have been litigated in a prior lawsuit between the same parties." Swapshire v. Baer, 865 F.2d 948, 950 (8th Cir.1989), citing Prentzler v. Schneider, 411 S.W.2d 135, 138 (Mo. banc 1966).
Defendants argue that Plaintiff has already litigated the propriety of her discharge in state court, and that she should have raised the racial discrimination and wrongful discharge issues during those proceedings. In support of their argument, Defendants cite Brown v. St. Louis Police Dept., 691 F.2d 393, 396 (8th Cir.1982), cert. denied, 461 U.S. 908, 103 S.Ct. 1882, 76 L.Ed.2d 812 (1983), in which the Eighth Circuit affirmed the dismissal of a Title VII claim on res judicata grounds, because the Missouri state courts had affirmed the decision of the Police Board to dismiss the plaintiff.[1] Like Plaintiff in the present case, the plaintiff in Brown failed to assert racial discrimination during the administrative proceeding *821 and the appeal thereof. Because the plaintiff "could and should have" raised this discrimination issue during administrative proceedings and the subsequent appeal, the Eighth Circuit found that the federal court was precluded from hearing the issue. Id.
Plaintiff maintains that the present case is instead governed by Tolefree, in which the Court of Appeals reversed the dismissal of a Title VII claim on the grounds that res judicata did not apply. 964 F.2d 803. Just like the plaintiff in Brown, the plaintiff in Tolefree appealed to the state courts an administrative decision of the Kansas City Personnel Appeals Board affirming his discharge from the Kansas City Fire Department, then later filed a Title VII claim in federal court. The federal court dismissed the Title VII claim on res judicata grounds. The Eighth Circuit disagreed, finding that in appealing the Personnel Board's decision to the state courts, the plaintiff "was pursuing only the administrative remedies available to him." Tolefree, 980 F.2d at 1175. "At no time during the previous actions did [the plaintiff] assert any claim whatsoever against the City; he was merely seeking to have his dismissal reversed." Id.
The Court of Appeals in Tolefree distinguished Brown on the grounds that the plaintiff in the latter case should have asserted his racial discrimination claim in the administrative proceedings. Id. The statute governing the plaintiff's dismissal in Brown prohibited "the police commissioners from removing any policeman from office for any reason other than `the fitness or unfitness of such a person.'" Id., citing Mo.Rev.Stat. § 84.040. The city in Tolefree did not "point[] to any corresponding statute relating to the Kansas City Fire Department under which [the plaintiff] `could and should have' raised his claims of discrimination in state court." Tolefree, 980 F.2d at 1175, quoting Brown, 691 F.2d at 396.
The Teacher Tenure Act, which governs Plaintiff's dismissal, contains "termination for cause" language resembling the language of Mo.Rev.Stat. § 84.040 at issue in Brown:
No teacher or principal whose appointment has become permanent may be removed except for one or more of the following causes: Immorality, inefficiency in line of duty, violation of the published regulations of the school district, violation of the laws of Missouri governing the public schools of the state, or physical or mental condition which incapacitates him for instructing or associating with children....
Mo.Rev.Stat. § 168.221.3. A termination for racially discriminatory or retaliatory reasons clearly would run afoul of the statute. Therefore this Court concludes that Plaintiff "could and should have" raised her racial discrimination and wrongful discharge/retaliation claims before the Board of Education.
Even if Plaintiff were to argue that she was not permitted to present her racial discrimination and wrongful discharge claims during administrative proceedings, the Missouri courts could have considered those claims on appeal. The Eighth Circuit has explained,
By statute the Missouri circuit courts "may in any case hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown in the record." Mo.Rev.Stat. § 536.140.4 (1986). Evidence of discriminatory imposition of punishment at least arguably constitutes "unfairness" within the meaning of this provision. By statute the Missouri circuit courts "may hear and consider additional evidence if the court finds that such evidence in the exercise of reasonable diligence could not have been produced ... at the hearing before the agency." Id. If [plaintiff] ... was unable to present evidence of discriminatory discipline at the administrative hearing, the circuit court at least arguably had the authority to consider any evidence on this issue [plaintiff] wished to proffer.... The circuit court could either have heard and considered his evidence or have remanded the matter to the Board for reconsideration....
Swapshire, 865 F.2d at 951 (footnotes omitted). Plaintiff in the present case failed to present her racial discrimination and wrongful *822 discharge claims either to the Board of Education or to the state courts. Because Plaintiff could have asserted these issues earlier, but did not do so, she is precluded from asserting them now. Defendants' Motion for Summary Judgment is granted as to Counts I and II.[2]
Defendants argue that the Court does not have supplemental jurisdiction over Count III, because it is not so related to Plaintiff's Title VII claim that the two "form part of the same case or controversy under Article III of the United States Constitution" as required by 28 U.S.C. § 1367. "Although the statute is silent as to what comprises the constitutional limits of the power of the federal courts, it provides that supplemental jurisdiction will extend to any claim" meeting the test in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3523 (1995 Supp.). According to Gibbs, a federal court has pendent jurisdiction if the state and federal claims derive from a "common nucleus of operative fact" and if the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." 383 U.S. at 725, 86 S.Ct. at 1138.
The Court finds that Plaintiff's defamation claim, which accrued over one year after Plaintiff's Title VII claim, and which does not appear to have any connection to her Title VII claim, does not derive from the same nucleus of operative fact as her Title VII claim. Therefore the Court will dismiss Count III for lack of jurisdiction.[3] Even if the Court were to conclude that Plaintiff's Title VII and defamation claims derived from a common nucleus of operative fact, however, the Court would dismiss the defamation claim pursuant to Fed.R.Civ.P. 12(b)(6), because Plaintiff fails to set forth in her Third Amended Complaint the allegedly slanderous words published by Defendant Wilkins. See Shurn v. Monteleone, 769 S.W.2d 188, 191 (Mo.Ct.App.1989) ("'In order to state a cause of action for slander, it is necessary to allege in haec verba the exact words which are alleged to be defamatory.'"), quoting Brown v. Adams, 715 S.W.2d 940, 941 (Mo.Ct.App. 1986). Accord Bremson v. Kinder-Care Learning Centers, Inc., 651 S.W.2d 159, 160 (Mo.Ct.App.1983). See also Smith v. Boyd 945 F.2d 1041, 1043 (8th Cir.1991) ("district court sua sponte may dismiss a complaint under Rule 12(b)(6) as long as the dismissal does not precede service of process").
ACCORDINGLY,
IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment [docket # 70] is GRANTED.
An appropriate Judgment will accompany this Memorandum and Order.
NOTES
[1] Plaintiff attempts to distinguish Brown on the grounds that that case involved an original action in state court, rather than a state court appeal of an administrative decision. (Pltf's Mem. in Opp. to Defts' Mtn. for Summ. Judg., at 8-9). A review of the Missouri Court of Appeals' decision in Brown v. McNeal, cited in the Eighth Circuit's opinion, 691 F.2d at 395, demonstrates that the plaintiff there did not file an original claim in state court, but rather appealed the Police Board's decision to the Circuit Court. 586 S.W.2d 359, 361 (Mo.Ct.App.1979). "It is well established that judicial affirmance of an administrative determination is entitled to preclusive effect." Kremer, 456 U.S. at 480-81 n. 21, 102 S.Ct. at 1896 n. 21. "There is no requirement that judicial review must proceed de novo if it is to be preclusive." Id.
[2] The Court need not reach Defendants' alternative ground for granting summary judgment on Count II: that the Board hearing and administrative appeal under the Teacher Tenure Act constituted Plaintiff's exclusive remedy, and that she cannot pursue a wrongful discharge claim in federal court.
[3] Contrary to Defendants' suggestion, this Court does not have discretion to hear state law claims that do not derive from the same nucleus of operative fact as a federal claim. The Court can exercise its discretion only if it has jurisdiction in the first place  that is, only if the federal and state law claims derive from a common nucleus of operative fact.