_____

No. 96-1597
_____

David J. Bechtold,                     *
                                       *
          Plaintiff-Appellant,         *
                                       *  Appeal from the United States
     v.                                *  District Court for the
                                       *  District of Minnesota.
City of Rosemount,                     *
                                       *
          Defendant-Appellee.          *

_____

        Submitted:  November 20, 1996

           Filed:  January 15, 1997
_____

Before BEAM, LAY and LOKEN, Circuit Judges.

_____

LAY, Circuit Judge.

     David Bechtold, former Parks and Recreation Director for the City of
Rosemount, Minnesota ("the City"), filed suit against the City for unlawful
termination in violation of his due process rights under 42 U.S.C. § 1983
and in violation of the Age Discrimination in Employment Act, 29 U.S.C.
§ 621 et seq. (ADEA), and the Minnesota Human Rights Act, Minn. Stat § 363
et seq. (MHRA).  The district court[1] granted the City's motion for summary
judgment, and Bechtold appeals.

**FACTS**

     Bechtold began his tenure as the Parks and Recreation Director for
the City in 1983.  Ten years later, in 1993, the City opened a

_____

[1]The Honorable Paul A. Magnuson, Chief Judge, United States
District Court, District of Minnesota.

community center and an ice arena, and hired James Topitzhofer to manage them.  In 1994, the City hired Thomas Burt as its new city administrator, and directed him to review critically the organization of the City's government and make recommendations for change to the Rosemount City Council ("the Council").  After soliciting and receiving input from city employees, Burt developed a plan to consolidate the Parks and Recreation Department (headed by Bechtold) and the Community Center Department (headed by Topitzhofer) into one department, on the premise that the combined department "would offer greater efficiency and reduce duplication of effort between the two separate units."  Appellee's Brief at 5.  The plan eliminated Bechtold's and Topitzhofer's positions, creating a new position to head the combined department.  Topitzhofer and Bechtold were both considered for this position.

On May 11, 1994, Burt sent a memorandum to the Council setting forth the proposed reorganization and a recommendation that Topitzhofer be selected for the new position.  Burt maintains his decision to recommend Topitzhofer over Bechtold was mostly due to Topitzhofer's experience managing the ice arena and community center.  On June 6, 1994, Burt sent a letter to Bechtold which stated, "[T]his letter will serve as notice of your layoff from the City of Rosemount.  June 17, 1994 will be considered your last day of employment with the City of Rosemount."[2]  On June 7, 1994, the Council met.  At the meeting, Burt explained the reasons behind his decisions, and five individuals appeared and made statements on Bechtold's behalf.  The Council voted unanimously to combine the two departments into one, hire Topitzhofer for the new position, and terminate Bechtold's employment.

Bechtold filed a grievance against the City, challenging his

---

[2]Though this letter purports to terminate Bechtold, Burt only had the authority to <u>recommend</u> action to the Council; his decision was subject to ratification by the Council.

termination.  On August 1, 1994, the Council conducted a hearing on Bechtold's grievance, at which Bechtold was represented by counsel.  On September 6, 1994, the Council denied Bechtold's grievance, finding that his employment was terminated for legitimate reasons.

Under Minnesota law, state judicial review of a county or city employee's termination can only be obtained through a petition for writ of certiorari to the Minnesota Court of Appeals within sixty days of the city or county board's decision.  Dietz v. Dodge County, 487 N.W.2d 237, 239 (Minn. 1992).  Pursuant to this procedure, Bechtold filed a petition with the Minnesota Court of Appeals, claiming wrongful termination, breach of contract, age discrimination, and due process violations under 42 U.S.C. § 1983.

The Court of Appeals did not decide Bechtold's age discrimination claims, holding that such claims do not fall under the Dietz rule and thus are not required to be reviewed by writ of certiorari.  Bechtold v. City of Rosemount, No. C3-94-2366, 1995 WL 507583, at *4 (Minn. Ct. App. Aug. 29, 1995).  At the time of the decision, Bechtold had already filed suit in federal district court, and the Minnesota Court of Appeals concluded Minnesota law allowed Bechtold to pursue his age discrimination claims there.  The court purported to defer Bechtold's § 1983 claim to the federal district court as well, but then determined that Bechtold's due process rights were not violated.  Finally, the court determined that the City's decision to terminate Bechtold was not arbitrary and capricious, and thus his wrongful termination claim must fail.  Id.

Bechtold's suit in district court alleged age discrimination in violation of the ADEA and the MHRA, breach of contract, negligent retention and supervision, and federal constitutional violations of substantive and procedural due process under § 1983.  The district court granted summary judgment for the City on all of Bechtold's claims.  Bechtold appeals the dismissal of the due

-3-

process and age discrimination claims.

**DUE PROCESS**

The district court held Bechtold's § 1983 claim barred by the Rooker-Feldman doctrine, which presents a jurisdictional bar to general constitutional challenges brought in federal court that are inextricably intertwined with claims asserted in state court. Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995); see generally District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Here, of course, Bechtold does not bring a general constitutional challenge to his termination, but rather uses § 1983 as a platform for his constitutional claims. Rooker-Feldman, however, derives from the prohibition on federal appellate review of state court proceedings, and cases interpreting the doctrine make it clear that a litigant cannot circumvent Rooker-Feldman by recasting his or her lawsuit as a § 1983 action. Keene Corp. v. Cass, 908 F.2d 293, 297 (8th Cir. 1990). Therefore, Bechtold's § 1983 claim is barred by Rooker-Feldman if it is inextricably intertwined with the constitutional claims he presented in state court.

In order to determine whether a claim is "inextricably intertwined" with a state court claim, the federal court must analyze whether the relief requested in the federal action would effectively reverse the state court decision or void its ruling. Id. at 296-97. Here, as the district court noted, the state court "explicitly analyzed the procedures afforded plaintiff against the requirements of the due process clause in termination proceedings," and determined Bechtold's due process rights were not violated. Bechtold v. City of Rosemount, No. 3-94-1507, slip op. at 12 (D. Minn. Jan. 29, 1996). Bechtold could conceivably escape the dictates of Rooker-Feldman if the Minnesota court had decided the issue exclusively under a state constitutional due process principle not included in federal due process jurisprudence.

-4-

However, the court did not state whether it was analyzing the issue under the state or federal constitution, and it applied two United States Supreme Court cases on procedural due process. See Bechtold, 1995 WL 507583, at *3 (applying Board of Regents v. Roth, 408 U.S. 564 (1972), and Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985)). If the district court heard Bechtold's § 1983 claim, it would apply the same law, and if it granted Bechtold relief, the order would amount to a reversal of the state court. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring).[3] Under these principles, we hold that Bechtold's § 1983 claim is jurisdictionally barred.[4]

---

[3]Bechtold argues, and we agree, that the Minnesota Court of Appeals explicitly deferred his § 1983 claim to the federal court. The court hollowed the meaning from that statement, however, when it went on to decide the substance of Bechtold's due process claims under federal constitutional principles. It should be clear that Bechtold's § 1983 claim is barred only because of the substantive constitutional claim underlying it. Thus, the City is correct when it asserts that "in order for Bechtold to pursue his Section 1983 claim [in federal court], it must be based on something other than an alleged due process violation." Appellee's Br. at 16 n.7.

[4]As we discuss, see infra n.6, a city or county employee in Minnesota may be placed in a "catch-22" dilemma when pursuing a wrongful discharge claim which encompasses federal claims. If the plaintiff loses at the administrative level and appeals through a Dietz writ procedure, even if the court of appeals reserves the § 1983 claim, there is a danger that the ultimate judgment can nonetheless serve to collaterally estop the § 1983 claim under 28 U.S.C. § 1738, see infra, discussion of ADEA claim, or, as here, be barred from consideration in the federal court under the Rooker-Feldman doctrine. If the plaintiff seeks only state administrative relief and does not apply for review under a writ of certiorari, a subsequent § 1983 claim filed in federal court may be barred under principles of collateral estoppel. See University of Tennessee v. Elliott, 478 U.S. 788 (1986). Seeking only administrative relief, however, cannot be preclusive to a Title VII claim, see Kremer v. Chemical Constr. Corp., 456 U.S. 461 (1982), or, as we later explain, to an age discrimination claim, see Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991).

-5-

**AGE DISCRIMINATION**

The district court granted summary judgment for the City on Bechtold's ADEA and MHRA claims because it determined Bechtold's arguments failed to demonstrate discrimination under either a pretext or a mixed motive analysis. Though Bechtold and the City focus on the substance of Bechtold's age discrimination claims, we find the claim barred on procedural grounds. Just as it did for the § 1983 claim, the Minnesota Court of Appeals explicitly reserved judgment on Bechtold's age discrimination claim, rejecting the City's argument that the claim is intertwined with the wrongful termination claim and thus must be reviewed only under the Dietz procedure. Bechtold, 1995 WL 507583, at *2. However, the court of appeals, in reviewing Bechtold's wrongful termination claim, determined that the City had "substantial, legitimate reasons" for reaching its decision, and thus the decision was not arbitrary and capricious or unsupported by the record. Id. at *4. In Gahr v. Trammel, this court ruled that a state court's determination that a termination was "not arbitrary, capricious, or discriminatory" barred the employee's First Amendment claim in federal court under the doctrine of issue preclusion, because "the state court decided the essential elements of Gahr's first amendment claim when it concluded that the school board did not arbitrarily or capriciously discharge Gahr." 796 F.2d 1063, 1069 (8th Cir. 1986). The state court's determination in this case must be examined under the lens of Gahr and its progeny to determine whether Bechtold's age discrimination claim is barred by issue preclusion.

Because 28 U.S.C. § 1738 requires us to give preclusive effect to a state court judgment only if a state court sitting in the state of judgment would do so, Minnesota issue preclusion law controls our analysis. Issue preclusion, or collateral estoppel, is appropriate under Minnesota law if

-6-

> (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

Willems v. Commissioner of Pub. Safety, 333 N.W.2d 619, 621 (Minn. 1983) (citations omitted). The second and third factors of this test clearly are met here: the court of appeals judgment was a final judgment on the merits, and Bechtold was a party to that adjudication. Thus we are left to analyze the first factor--similarity of issues.

In determining whether the issue here is identical to the issue decided in state court, our decision in Tolefree v. City of Kansas City, 980 F.2d 1171 (8th Cir. 1992), is instructive. In Tolefree, a fire fighter challenged his termination in front of the City's Personnel Appeals Board ("the Board") but did not raise the issue of race discrimination. The Board held Tolefree was properly terminated, and the City Manager upheld the Board's decision. The state circuit court summarily affirmed. Tolefree brought a Title VII claim, alleging race discrimination under both mixed motive and pretext theories. This court applied Missouri issue preclusion law, which mirrors the Minnesota test. The pretext claim was barred, because the holding in state court was mutually exclusive to a finding of discrimination under a pretext theory. Id. at 1174. The court noted,

> In this case, the Board has already determined that Tolefree was, in fact, terminated for a legitimate reason (two unsatisfactory ratings). Because the Board found that the unsatisfactory ratings were justified, Tolefree is estopped from proving that the ratings were merely a pretext for discrimination.

Id. The teaching of Tolefree and Gahr is that a finding of legitimate termination in one type of claim can preclude litigation

of the legitimacy of the termination in another type of claim. Thus, the issues, for purposes of issue preclusion, are identical.

Here, the state court, in responding to Bechtold's claim that the record is insufficient to support his termination, pointed to evidence of employee dissatisfaction with and concern about Bechtold's management style and business conduct. Bechtold, 1995 WL 507583, at *4. It noted as well that the record shows no animosity between Burt and Bechtold, and "shows that Topitzhofer had been successful at operating large budget community centers," an ability which was "most important to the city council when selecting a director of the park and recreation/community center." Id. Finally, the court concluded,

> Based upon these facts, Burt had substantial, legitimate reasons for recommending Topitzhofer for the new position. This record supports the city council's decision and reveals no impropriety in reaching that decision.

Id. This finding, under Gahr, is also a determination of the "essential elements" of Bechtold's age discrimination claim. If the decision contains "no impropriety," it is necessarily a nondiscriminatory decision. See Gahr, 796 F.2d at 1069 (holding Gahr's claim barred because in voting to terminate Gahr, the school board necessarily "rejected the factual underpinning of any first amendment claim that Gahr might assert").

It could be argued that even if Bechtold's pretext claim is barred, his mixed motive claim survives under Tolefree. The Tolefree court held that Tolefree's mixed motive claim was not barred because "[e]ven though the Board found a legitimate reason for Tolefree's dismissal, its opinion does not foreclose the possibility that the City's action was in part racially motivated." 980 F.2d at 1174. The state court opinion in Bechtold, however, presents a different situation. Its determination that the record

-8-

"reveals no impropriety" as to Bechtold's termination forecloses a claim that age was a motivating factor in the decision.  Bechtold, 1995 WL 507583, at *4.

Pursuant to the foregoing analysis, we conclude that the state court, in deciding that Bechtold's termination was legitimate and without impropriety, litigated an issue identical to the one Bechtold asks us to decide here.  Thus the first prong of the Minnesota issue preclusion test is met.  See Willems, 333 N.W.2d at 621.

Both Minnesota law and federal law require us to move to a determination of whether Bechtold had a full and fair opportunity to litigate this issue in the state proceedings.  Allen v. McCurry, 449 U.S. 90, 95 (1980); Willems, 333 N.W.2d at 621.  As noted by the Gahr court, "A party receives a fair opportunity to present the claims allegedly precluded if the party could have brought the claims in a proceeding that would satisfy the minimal procedural requirements of the due process clause." 796 F.2d at 1070.  The state court found the termination itself satisfied the requirements of due process.  Bechtold, 1995 WL 507583, at *3.  In addition, like Gahr, Bechtold "had representation of counsel at a hearing where he submitted documentary evidence, called witnesses, and cross-examined the witnesses for [the City]."  Gahr, 796 F.2d at 1070.  He appealed and argued to the Minnesota Court of Appeals, and petitioned for certiorari to the Minnesota Supreme Court.  It is clear that Bechtold was afforded due process by the state proceedings:  he had a full and fair opportunity to litigate the legitimacy of his termination there.  As such, the issue preclusion test articulated in Willems is met, and we deem Bechtold's age discrimination claims brought under the ADEA and the MHRA barred by

the doctrine of issue preclusion.[5]

The issue of collateral estoppel was not raised in the district court or this court.  Generally, we will consider an issue not raised or briefed in this court  waived.  Issues of res judicata and collateral estoppel are viewed as affirmative defenses under Fed. R. Civ. P. 8(c), and must generally be pled or else they may be deemed waived.  However, there exists an exception to this basic rule:  Where the district court can be affirmed on different grounds, even though not raised, this court may exercise its discretion to do so.  Zirinsky v. Sheehan, 413 F.2d 481, 484 n.5 (8th Cir. 1969).

In addition, courts have traditionally attached additional importance to the application of res judicata principles.  In cases involving a possible bar under res judicata, there is more at stake than relitigation between the parties.  As we early observed, these also involve "the right of the appellate court to protect itself from litigation by a party who has already had his right finally determined in the district court," and "the decent respect of the appellate court for the considered judgments of the district court arrived at after a fair hearing and upon due consideration." Wilson v. United States, 166 F.2d 527, 529 (8th Cir. 1948).  Thus,

---

[5]The plaintiff who seeks state review of a wrongful discharge claim that includes an age discrimination claim may encounter, as in the instant case, a bar in federal court, if the operative facts are reviewed by a state court and the grounds of discharge sustained.  As explained, this is true notwithstanding the reservation by the state court of the age discrimination claim.

To avoid such a bar, a plaintiff may file in federal district court and adjudicate his age discrimination claim there instead of challenging the state administrative proceeding by writ of certiorari to the state appellate court.  Of course, the ADEA requires administrative exhaustion as a prerequisite to filing the ADEA claim in federal court.  If a plaintiff chooses that process, as explained in Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991), the state administrative review does not constitute issue preclusion.

an appellate court "may raise the issue of res judicata <u>sua</u> <u>sponte</u> 'as a means to affirm the district court decision below.'"  <u>Russell v. SunAmerica Sec., Inc.</u>, 962 F.2d 1169, 1172 (5th Cir. 1992) (quoting <u>United Home Rentals, Inc. v. Texas Real Estate Comm'n</u>, 716 F.2d 324, 330 (5th Cir. 1983)); <u>see also</u> <u>Robertson v. Interstate Sec. Co.</u>, 435 F.2d 784, 787 n.4 (8th Cir. 1971) ("Res judicata was not pleaded or raised . . . in federal district court. . . .  We consider it here since the judgment below is entitled to be affirmed if there exists any ground to do so, even though not raised on appeal.").  The Fifth Circuit has allowed sua sponte consideration of res judicata to affirm a district court because

> where all of the relevant facts are contained in the record before us and all are uncontroverted, we may not ignore their legal effect, nor may we decline to consider the application of controlling rules of law to dispositive facts, simply because neither party has seen fit to invite our attention to the issue by technically correct and exact pleadings.

<u>American Furniture Co. v. International Accommodations Supply</u>, 721 F.2d 478, 482 (5th Cir. 1981).  These considerations are applicable here:  the record is sufficient to determine that principles of res judicata bar Bechtold's claim.  Thus we raise the issue sua sponte and affirm the judgment of the district court.

JUDGMENT AFFIRMED.


A true copy.

Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.